EL PUEBLO, APELADO, *v.* ORTIZ, APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 595.—Resuelto en marzo 25, 1913.

DERECHO PENAL—INSTRUCCIONES AL JURADO—AUTENTICACIÓN.—Para que este tribunal pueda examinar las instrucciones dadas por el juez al jurado, es indispensable que vengan autenticadas por el juez sentenciador, no pudiendo surtir el mismo efecto ni la certificación del taquígrafo ni la conformidad de las partes.

ID.—INSTRUCCIONES AL JURADO—CRÍTICA DE LA PRUEBA.—Para que este tribunal pueda considerar la omisión del juez sentenciador consistente en no haber criticado o analizado las declaraciones de los testigos del acusado, es indispensable que éste pida a la corte sentenciadora que amplíe sus instrucciones al jurado en ese sentido.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Frank Martínez, Fiscal interino.*

Abogado del apelante: *Sr. Angel A. Vázquez.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El apelante Isidoro Ortiz fué acusado ante la Corte de Distrito de Mayagüez de un delito de perjurio y juzgado por un jurado quien lo declaró culpable de dicho delito, siendo condenado por la corte a sufrir la pena de dos años de presidio con trabajos forzados, sin costas y descontando el tiempo de prisión sufrida.

Apelada esta sentencia, el único motivo en que se funda el recurso, es que el juez de la corte inferior infringió el párrafo 8°. del artículo 233 del Código de Enjuiciamiento Criminal tal como fué enmendado en 9 de marzo de 1911 al dar sus instrucciones al jurado, pues al hacer el resumen del caso, omitió la crítica de la evidencia de la defensa, dejando así de expresar cuál fué la presentada para sostener la alegación de inculpabilidad, dando esto por resultado que el jurado diera un veredicto contrario a las pruebas.

En este caso no se ha redactado pliego de exposición de hechos ni de excepciones, sin duda porque el único error se basaría en las instrucciones al jurado, y aun cuando éstas,

son necesarias para considerar la cuestión propuesta, sin embargo, han sido traídas al récord de apelación de una manera tan imperfecta que tendremos que prescindir de ellas.

Cuando el juez ha dado oralmente sus instrucciones al jurado, no basta que se presente ante nosotros como tales, un pliego en que el taquígrafo certifique que el mismo contiene las dadas por el juez, sino que es indispensable, según hace tiempo viene sosteniendo esta Corte Suprema en repetidos casos, que estén autenticadas por el propio juez que las transmitió. Ni aun la conformidad de las partes en la exactitud de las instrucciones es bastante para prescindir de la aprobación que debe impartir el juez, porque pudiera darse el caso de que un descuido, o cualquier otro móvil, atribuyera al juez conceptos no emitidos o silenciara otros.

En el presente caso, si bien el pliego que contiene las instrucciones está certificado por el taquígrafo, carece de la autentificación del juez que conoció del juicio, por cuyo motivo no podemos tenerlas como verdaderas y carecemos de base para considerar si el juez cometió o nó error. *El Pueblo v. Torres,* 9 D. P. R., 444; *El Pueblo v. Dones,* 9 D. P. R., 479; *El Pueblo v. Negrón,* 17 D. P. R., 681; *El Pueblo v. Coll,* 18 D. P. R., 361, y los casos de *El Pueblo v. Laporte,* (pág. 45) y *El Pueblo v. Bonelli,* (pág. 69), resueltos por nosotros en 24 de enero y 5 de febrero de 1913, respectivamente.

Pero de todos modos, si el defecto de las instrucciones era su insuficiencia por no haber criticado o analizado las declaraciones prestadas por los testigos de la defensa, como sostiene el apelante, debió éste pedir a la corte en el juicio que ampliara sus instrucciones, y si así no lo hizo, no tendría ahora motivo para que nosotros consideraramos esa cuestión. Caso citado de *El Pueblo v. Dones,* 9 D. P. R., 469 y el de *El Pueblo v. Boria,* 12 D. P. R., 180.

Así, pues, careciendo de base para considerar el recurso y no existiendo error fundamental que corregir, debe ser confirmada la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del.Toro.