EL PUEBLO, APELADO, *v.* DÍAZ, APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 447.—Resuelto en mayo 21, 1913.

HOMICIDIO VOLUNTARIO—MUERTE DE LA VÍCTIMA—DECLARACIÓN DE LOS MÉDICOS—PRUEBA DIRECTA.—De acuerdo con el artículo 206 del Código Penal, la declaración de los médicos que vieron el cuerpo de la víctima, que lo identificaron

y que practicaron su autopsia, es mejor prueba para probar la muerte, que la certificación de defunción tomada del registro civil, no siendo aplicable en estos casos el artículo 320 del Código Civil.

ID.—PRUEBA IMPERTINENTE—FALTA DE OBJECIÓN—ELIMINACIÓN DE LA MISMA.— Sin perjuicio de la facultad discrecional de los tribunales para eliminar la prueba impertinente que se presente sin objeción alguna, no comete error la corte que deniega una moción de eliminación de dicha prueba fundada en razones que pudieron ser alegadas en oposición a la admisión de la misma.

ID.—INSTRUCCIONES AL JURADO—ERRORES NO PERJUDICIALES.—La manifestación inadvertidamente hecha por la corte sentenciadora en sus instrucciones al jurado de que ''algunos testigos'' presenciaron la comisión del crimen, cuando en realidad solamente fué uno, no constituye error perjudicial al acusado, porque dicha manifestación no ha podido influir en la mente del jurado que presenció las declaraciones de todos los testigos.

Los hechos están expresados en la opinión.

Abogados del Pueblo: *Sres. Charles E. Foote, Fiscal,* y *Frank Martínez, fiscal interino.'*

Abogado del apelante: *Sr. Herminio Díaz.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la opinión del tribunal.

En el presente caso el apelante fué procesado ante la Corte de Distrito de San Juan, Sección 2ª., a virtud de una acusación presentada por el Fiscal, en la que le imputaba la comisión de un delito de homicidio voluntario, alegando en la misma que el acusado allá para el día 9 de julio de 1911 en la jurisdicción de Naranjito, ilegal y voluntariamente, y con motivo de una riña acometió y agredió con un revólver a Roque Moure infiriéndole una herida en la región costal izquierda de la que falleció a las pocas horas. El día 17 de octubre de 1911 se dió lectura de la acusación al acusado, haciendo éste la alegación de no culpable y solicitando un juicio por jurado, el que tuvo lugar el día 14 de noviembre siguiente; y oídas las alegaciones de las partes, la prueba presentada, los informes orales de los abogados y las instrucciones de la corte, el jurado emitió su veredicto declarando al acusado Rafael Díaz culpable del delito de homicidio voluntario que se le había imputado en la acusación. El acusado presentó al efecto una moción solicitando un nuevo juicio, que fué denegada por la corte; y el día 1º. de diciembre de 1911 la corte dictó sen-

tencia condenando al acusado Rafael Díaz a sufrir la pena
de seis años de presidio con trabajos forzados y pago de las
costas procesales. Contra esta sentencia el acusado inter-
puso el mismo día por medio de su abogado recurso de apela-
ción para ante esta corte.

En los autos aparece una exposición del caso y un pliego
de excepciones, cuyos documentos fueron aprobados por el
juez de la corte inferior, así como también un alegato escrito
presentado por el abogado del acusado. Cinco son los funda-
mentos contenidos en el alegato del apelante por los cuales
se solicita la revocación de la sentencia contra él dictada
por la corte sentenciadora. Los consideraremos por el orden
en que han sido expresados en el alegato del apelante.

El primer error que se alega fué cometido por la corte
sentenciadora, es como sigue:

*La corte erró en el curso del juicio y en sus instrucciones
al jurado, al interpretar el artículo 206 del Código Penal en
el sentido de admitirle a la acusación que probase la muerte
del interfecto con las declaraciones de dos facultativos sin
demostrar antes que no existía la certificación de defunción
del Registro Civil, e infringiendo así el artículo 320 del Có-
digo Civil.*

El apelante sostiene que de acuerdo con el artículo 320
del Código Civil y el 206 del Código Penal, si puede solici-
tarse la certificación de defunción del registro civil, ésta será
la mejor y única prueba del hecho referente a la muerte, y
que las declaraciones prestadas por los médicos, sin probarse
antes que la inscripción de la certificación de defunción no
aparece en el registro, constituye prueba secundaria y es
inadmisible sin que se pruebe que no existe la primaria. Los
artículos que han sido citados del Código Civil y del Código
Penal son los siguientes:

"Artículo 320 (Código Civil). Las actas del registro serán la
prueba del estado civil, la cual sólo podrá ser suplida por otras en
el caso de que no hayan existido aquéllas o hubiesen desaparecido

los libros del registro, o cuando ante los tribunales se suscite una contienda.

"Artículo 206 (Código Penal). Ninguna persona podrá ser convicta de asesinato u homicidio, a menos que la muerte de la persona que se alegare haber sido muerta, y el hecho de la muerte que se alegare haber sido causada por el acusado, resultaren probados como actos independientes; aquélla por medio de pruebas directas y éste de modo que no haya lugar a duda razonable."

De conformidad con el artículo del Código Penal que ha sido citado, el hecho de que la muerte ha tenido lugar deberá probarse mediante prueba directa. Y siendo esto así, debemos considerar si las declaraciones de los médicos que vieron e identificaron el cadáver del interfecto, y practicaron la autopsia del mismo y determinaron la causa de la muerte, constituyen o nó la prueba directa exigida por el estatuto. Entendemos que tal prueba es la que la ley exige y además que es la mejor, la más satisfactoria y enteramente concluyente, independientemente de cualquier certificación del registro civil o de alguna otra parte. Ya hemos resuelto este punto en los casos de *El Pueblo* v. *Vega,* 15 D. P. R., 339, y *El Pueblo* v. *Rosado,* 17 D. P. R., 441 y siguientes.

El artículo 206 de nuestro Código Penal citado anteriormente y al cual hemos hechos rererencia, es idéntico en su redacción al 358 del Código Penal de Montana y al artículo 181 del Código de New York. Las resoluciones de las cortes de última instancia en los Estados de que se ha hecho mención al tratar de esta proposición están de acuerdo en que cuando el cadáver de la persona que se alega ha sido muerta aparece y queda identificado, esto constituye la mejor prueba que puede presentarse para establecer el hecho de la muerte. *State* v. *Calder,* 23 Mont., 504; *People* v. *Benham,* 160 N. Y. App. R., 402, 425; *Bines* v. *State,* 68 L. R. A., 33.

Esta proposición está sostenida también por los tratadistas, como puede verse consultándose la obra de Wharton sobre Homicidio, artículo 579 y la del mismo autor sobre prueba en casos criminales, artículos 324 y siguientes.

Somos enteramente de opinión que el artículo 206 del Código Penal es la ley que regula esta cuestión, siempre que se trate de probar el hecho de la muerte de una persona que se alega ha sido asesinada, y no el artículo 320 del Código Civil; pero aun cuando resolviéramos que el último artículo es aplicable, tal certificación del registro no sería la única prueba para establecer el hecho de la muerte, puesto que éste podría probarse por cualquiera otra prueba adecuada.

El segundo error que se alega fué cometido por la corte sentenciadora es como sigue:

*La corte erró al admitir como parte de la* res gestae, *las manifestaciones de los testigos de la acusación Monserrate Díaz, Ramón Rodríguez, y José María Figueroa, que declararon que el interfecto les dijo como tres-cuartos de hora después del momento en que se le hirió y en que fué trasladado desde el campo en que fué herido a su casa, y hallándose en ésta, que fué el acusado el que le infirió la herida, siendo de advertir que dicho acusado no estaba presente cuando se hicieron dichas manifestaciones.*

Deberá observarse que la cuestión referente a si la corte cometió o nó error al admitir las declaraciones de los testigos de referencia no es una cuestión que sea necesario considerar en esta apelación, porque dicha prueba fué recibida sin objeción por parte del acusado en el momento de ser presentada. Es cierto que después de haber declarado los testigos acerca de los hechos mencionados por el apelante, se presentó una moción para eliminar de los autos aquella parte de sus declaraciones que se consideró como prueba impertinente y que dicha moción fué desestimada. La corte no cometió ningún error al proceder así puesto que el acusado tuvo oportunidad para formular sus objeciones a las preguntas que se hicieron a los testigos y a sus contestaciones a las mismas cuando se ofrecieron sus declaraciones, y por iguales razones a las que se alegaron en apoyo de la moción, habiéndose formulado las objeciones fuera de tiempo en forma de moción para eliminar. El acusado no tiene derecho a permitir que se presente

prueba y aceptar la misma sin hacer oposición y luego solicitar la eliminación de dicha prueba de los autos por cualquier razón que hubiera podido alegarse a su debido tiempo. Esto decimos sin perjuicio de que la corte en el ejercicio de su discreción pueda acordar la eliminación solicitada. Así lo hemos declarado frecuentemente. *El Pueblo* v. *Massó,* 18 D. P. R., 530; *El Pueblo* v. *Zambrana,* 18 D. P. R., 758.

El tercer error que se alega fué cometido por la corte sentenciadora en este caso es el siguiente:

*La corte erró al hacer en las instrucciones al jurado apreciaciones sobre el valor de la evidencia introducida afirmando categóricamente que el Fiscal había probado la muerte del interfecto y entrando además en otras consideraciones sobre dicha evidencia.*

En el alegato del apelante no se determina de modo suficiente en qué parte de las instrucciones hechas al jurado fué que ocurrió el error que se alega, y al examinar dichas instrucciones no hemos podido determinar cuál es la parte de las mismas que pudiera haber sido objeto de la impugnación que se ha hecho. Hemos examinado las instrucciones dadas por la corte al jurado y aunque en ellas se hicieron más consideraciones que las que había necesidad de hacer y probablemente contienen muchas cosas que pudieran ser omitidas, sin embargo no vemos en ellas absolutamente nada que sea perjudicial a los derechos del acusado o por lo menos algo de bastante importancia en que pueda fundarse la revocación de esta sentencia.

El cuarto error que ha sido alegado y que se dice fué cometido por la corte inferior es como sigue:

*Erró la corte al instruir al jurado de que varios testigos de la acusación habían visto al acusado realizar el hecho imputádole, siendo así que sólo un testigo del Fiscal hizo tales manifestaciones.*

Aparece de la prueba según alega el apelante, que el único testigo que se encontraba presente en la fecha en que se dice fué cometido el delito era José Antonio Moure y la corte come-

tió error al expresar que algunos testigos de la acusación habían declarado que el acusado fué quien disparó a Roque Moure, indicando con la frase "algunos testigos" que más de uno de éstos habían declarado en cuanto a ese hecho. Sin embargo, esta manifestación fué simplemente una inadvertencia por parte de la corte, la que no pudo razonablemente haber influído en la mente del jurado acerca del número de testigos que habían declarado con respecto al hecho de referencia. El jurado oyó todas las declaraciones de los testigos y sabía perfectamente lo mismo que la corte, que solamente uno de dichos testigos estaba presente cuando se hizo el disparo y no podemos presumir que los jurados admitan o consideren la manifestación errónea del juez de que "algunos testigos" habían declarado tal o cual cosa para indicar que más de un testigo había declarado en cuanto a este punto. No creemos que esta manifestación inadvertida de la corte influyera en la mente de los jurados en perjuicio del acusado, y no siendo esencial dicho error no se considerará como suficiente para fundar en él la revocación de la sentencia. *El Pueblo* v. *Lassalle,* 18 D. P. R., 421.

El quinto error que se alega fué cometido por la corte inferior es como sigue:

*El veredicto del jurado no está sostenido por la prueba.*

Con respecto a este error, diremos solamente que la prueba contenida en los autos es enteramente suficiente para sostener el veredicto. La declaración de José Antonio Moure, testigo ocular de los hechos constitutivos del delito que se imputó al acusado, sirve de base a la acusación en todas sus alegaciones esenciales. Esto es suficiente para impedir la revocación de la sentencia. Por tanto, estamos obligados a declarar que no se ha cometido error esencial por la corte inferior en el juicio de esta causa, debiendo por consiguiente confirmarse la sentencia apelada en todas sus partes.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.