EL PUEBLO, DEMANDANTE Y APELADO, *v.* LEBRÓN, ACUSADO Y
APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Segunda, en causa sobre homicidio involuntario.

No. 917.—Resuelto en marzo 30, 1916.

HOMICIDIO INVOLUNTARIO—INSTRUCCIONES AL JURADO—DESCUIDO O NEGLIGENCIA—
IMPRUDENCIA—CONDUCTORES.—En este caso la siguiente instrucción fué trans-
mitida al jurado: ''Este delito, señores del jurado, es una modificación que
se ha hecho del artículo 328 del Código Penal, en el que se imputaba una
acusación a toda persona que, conduciendo un vehículo cualquiera, lo hiciera
con tal descuido o imprudencia que ocasionara la muerte de otra persona.''
*Se resolvió:* que la acusación tal como está redactada es suficiente, lo
mismo de acuerdo con el artículo relativo al homicidio en general, al 203, o
al 396 del Código Penal, según ha sido enmendado, y que el jurado no pudo
haber sido desorientado debido a estas observaciones de la corte, particular-
mente por haber sido instruído con respecto a lo que constituían los elementos
del delito y a la clase de negligencia, así como también a que su investigación
debe ser en cuanto a los hechos.

ID.—INSTRUCCIONES AL JURADO—RESPONSABILIDAD CRIMINAL.—El acusado se que-
relló de la siguiente instrucción: ''El Fiscal en este caso ha calificado el
hecho de homicidio involuntario, atendiendo seguramente a que la muerte de
la persona se ha verificado como consecuencia de los actos realizados por el
acusado.'' Se decidió, bajo las circunstancias del caso, que la corte no dió
por sentado que el acusado fuera responsable criminalmente sino que, expo-
niendo la teoría del Fiscal, la muerte de la mujer se debió al acto del acusado
al chocar con ella, hecho que no fué impugnado.

ID.—AUTOMÓVILES EN DISPUTA—TRANSACCIONES HUMANAS—TESTIGOS—CONCLU-
SIONES.—El hecho de si dos automóviles van o no en disputa es una de las
transacciones humanas, es una cuestión de experiencia corriente, respecto de
la cual cualquier persona de suficiente inteligencia en ausencia de repregunta
puede declarar sin exponer los detalles de cómo llegó a sus conclusiones.

REPREGUNTAS—ORIGEN DEL CONOCIMIENTO DEL TESTIGO—EXPOSICIÓN DE HECHOS.—
Un acusado tiene perfecto derecho a repreguntar a un testigo respecto del
origen de su conocimiento, pero si dejare de hacerlo la manifestación del tes-
tigo subsistirá como una exposición de hechos.

NEGLIGENCIA CRIMINAL—VEHÍCULOS—VIANDANTES.—El guiar un vehículo por la
carretera sin el debido respeto de los derechos de las demás personas, yendo
en disputa o en alguna otra forma, constituye negligencia criminal.

NUEVO JUICIO—NUEVAS PRUEBAS—PRUEBA ACUMULATIVA—DISCRECIÓN JUDICIAL.—
Las mociones de nuevo juicio basadas en pruebas descubiertas nuevamente no
son favorecidas, aparte del hecho de que cuando la prueba es acumulativa la
corte tiene discreción para su admisión.

Los hechos están expresados en la opinión.
Abogados del apelante: *Sres. Francis & Soto.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Los errores que han sido alegados en este caso dependen principalmente de las instrucciones que dió la corte al jurado. La acusación fué formulada por un delito de homicidio involuntario, siendo la teoría del Fiscal la de que el acusado, encargado de un automóvil de carga, mientras iba en disputa con otro automóvil chocó con un tercer vehículo que se encontraba parado en la carretera, causando la muerte a una mujer.

La parte de las instrucciones de que en primer término se queja el acusado fué la siguiente: "Este delito, Sres. del Jurado es una modificación que se ha hecho del artículo 328 del Código Penal, en el que se imputaba una acusación a toda persona que, conduciendo un vehículo cualquiera, lo hiciera con tal negligencia o con tal descuido o imprudencia que ocasionara la muerte de otra persona."

La acusación tal como ha sido redactada sería suficiente lo mismo de acuerdo con el artículo relativo al homicidio en general, al 203, o al 328 del Código Penal, según ha quedado enmendado. Estos artículos son correlativos. El jurado no podía haber sido desorientado debido a estas observaciones preliminares de la corte y particularmente por haber sido instruído con respecto a lo que constituían los elementos del delito y a la clase de negligencia, así como también a que su investigación debe ser en cuanto a los hechos.

La siguiente instrucción de que se queja el acusado es como sigue: "El Fiscal en este caso ha calificado el hecho de homicidio involuntario, atendiendo seguramente a que la muerte de la persona se ha verificado como consecuencia de los actos realizados por el acusado." La alegación que se formula es que la corte en sus instrucciones partió del supuesto de que la muerte fué ocasionada por los actos del acusado, la cual era una cuestión que había de ser resuelta por el jurado. La corte aparentemente exponía la teoría del Fiscal. El significado de las palabras tomadas en su sentido

ordinario era que la muerte de la mujer se debió al acto del acusado al chocar con ella, hecho que no ha sido impugnado en el juicio. La corte no dió por sentado en sus instrucciones que el acusado era responsable criminalmente. Además, las instrucciones restantes niegan tal suposición.

El apelante se queja de otras dos instrucciones que son como siguen: "Los señores del jurado recordarán que todos estos testigos han declarado que esos dos *chauffeurs* iban en disputa, que iban en porfía, y por querer pasarle uno al otro fué que ocasionó el choque de ambos vehículos. La circunstancia que ellos tienen en cuenta para determinar si realmente existió o nó la porfía, eso es difícil demostrarlo ante el jurado. Ellos han visto ciertos actos realizados durante la marcha de esos vehículos en la dirección que llevaban y la tendencia de uno de ellos para pasarle al otro, pero no sabemos cuáles son esas circunstancias que han influído en la mente de esos testigos para venir a decir ante el jurado que esos dos *chauffeurs* iban en disputa.

"Las declaraciones de estos testigos afirman que realmente existió el regateo, la porfía; pero ninguno ha expresado con claridad cuáles fueron los hechos presenciados por ellos, de los cuales se deduce que existió esta porfía. Este es, pues, el primer punto que tiene que decidir el jurado. El otro punto que el jurado tiene que decidir es si existió realmente un choque entre ambos vehículos, en qué momento existió ese choque, y qué consecuencias fueron las que produjo el choque de ellos. Muchos testigos, quizás la generalidad de ellos, dijeron que el choque vino porque el vehículo pequeño trató de pasarle al grande, no encontró espacio suficiente, y entonces vino el choque y de las preguntas repetidas que se les hicieron a casi todos esos testigos para establecer el hecho de que el choque vino por la parte de alante del automóvil, de tal modo que fué necesario desviar el carro grande sin que interviniera la voluntad de la persona que lo guiaba. De modo que casi todos esos testigos convienen en establecer el hecho de que los dos automóviles se encontraran en un punto, que chocaron

las ruedas del automóvil pequeño con la parte delantera del automóvil grande, que siendo un guía celoso, fácil de manejar por la mano de un niño, el automóvil grande tomó una dirección contraria y fué fatalmente a dar con el cuerpo de aquella desgraciada mujer.''

La teoría en que más insistió el apelante durante la vista fué que no hubo prueba de que los automóviles iban en disputa, y que los testigos simplemente establecieron sus conclusiones; que ninguno de ellos declaró con respecto a los hechos de donde pudiera llegarse a la conclusión de que los dos automóviles corrían en porfía y, por tanto, que la corte incurrió en error. Estamos enteramente de acuerdo con la corte inferior en que el hecho de si dos automóviles van o nó en disputa es una de las transacciones humanas respecto a la cual cualquier persona de suficiente inteligencia puede declarar sin exponer los detalles de donde el testigo llega a su conclusión. Es una cuestión de experiencia corriente, así como un juego de *base ball,* el hecho de estar un hombre embriagado, o de pasar una compañía de soldados. El acusado tiene perfecto derecho a repreguntar al testigo respecto del origen de su conocimiento, pero sin tales repreguntas la manifestación del testigo subsiste como una exposición de hecho. *Abbott's Trial Brief*. Embriaguez, p. 440. La observación en que se ejercita el entendimiento se distingue de una opinión. *Abbott's Trial Brief,* p. 508. Wigmore, sobre evidencia, par. 1977. 17 Cyc. pág. 62 y siguientes.

Con respecto a todas estas instrucciones debe notarse que no se tomó excepción a ninguna de las mismas y aun cuando la corte hubiera incurrido en error éste no fué fundamental ni perjudicial. En Puerto Rico la ley de mayo 30, 1904, prescribe lo siguiente:

"Siempre que resultara de los autos, en alguna causa criminal apelada a la Corte Suprema, que cualquier requisito legal haya sido desatendido por el tribunal sentenciador, no se anulará la sentencia a menos que el error que de los autos resultare, tendiere a perjudicar los derechos de cualquiera de las partes, y se hubiere interpuesto la

debida excepción en el tribunal sentenciador; *Disponiéndose, sin embargo,* que el tribunal de apelación podrá conocer de errores fundamentales que aparecieren en los autos, aun cuando no se hubiere interpuesto objeción a ellos, y fallar sobre los mismos con arreglo al derecho que de los hechos se desprendiere.''

De acuerdo con dicha ley la corte ha revocado voluntariamente algunos casos en los cuales no han sido tomados en consideración los derechos fundamentales del acusado, y siempre ha sostenido su derecho a proceder de este modo. *El Pueblo* v. *Morales,* 11 D. P. R. 306; *El Pueblo* v. *Fernández,* 14 D. P. R. 629; *El Pueblo* v. *Pellot,* 15 D. P. R. 454; *El Pueblo* v. *Crespo,* 21 D. P. R. 300, pero generalmente a falta de excepciones nos hemos negado a revocar, a menos que se hubiera probado claramente el perjuicio. *El Pueblo* v. *Rosado,* 17 D. P. R. 441; *El Pueblo* v. *Ortiz,* 19 D. P. R. 305; *El Pueblo* v. *Díaz,* 19 D. P. R. 520; y otros casos que en los mismos se citan.

El apelante también sostiene que el veredicto fué contrario a la prueba, pero gran parte de sus razonamientos depende del hecho de si el acusado iba o nó en porfía con otro automóvil. Un gran número de testigos declaró en cuanto a este hecho. Hubo prueba suficiente de que el acusado iba en disputa y que ésta fué una de las causas inmediatas del accidente.

No hay duda alguna de que el viajar por la carretera sin el debido respeto de los derechos de las demás personas, yendo en disputa o en alguna otra forma, constituye negligencia criminal. *El Pueblo* v. *Blandford,* resuelto en marzo 24, 1916; *Johnson* v. *State,* 61 L. R. A. 277, y autoridades agrupadas en la nota, página 280. 2 R. C. L. 1197.

En este caso fué negada una moción de nuevo juicio en la que se alegaron las anteriores razones y algunas otras. Una de estas razones fué el haberse descubierto nuevas pruebas. Aparte del hecho de que la prueba era acumulativa y de que la corte tenía discreción en el asunto, no creemos que se demostró de un modo suficiente que el acusado no pudo haber descubierto la nueva prueba mediante razonable diligen-

cia.   Las mociones de nuevo juicio basadas en prueba descubierta nuevamente no son favorecidas por la ley.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.