FRANCISCO J. SANTOS, demandante y apelante, v. "EL ANCORA", demandada y apelada.

No. 3637.—*Visto:* Junio 19, 1925. *Resuelto:* Junio 24, 1925.

1. APELACIÓN Y ERROR—DECISIONES SUJETAS A REVISIÓN—SENTENCIAS FINALES—SENTENCIAS SOBRE EXCEPCIONES PREVIAS.—Atendidas las alegaciones de la demanda, que en cobro de póliza se presentó en el caso de autos, *se resolvió:* que la corte inferior no cometió error al declarar con lugar la excepción de falta de causa de acción que se formuló contra la misma.

2. SEGUROS — RIESGOS Y CAUSAS DE PÉRDIDA — SEGUROS DE VIDA — CAUSA DE LA MUERTE. — Habiéndose aceptado que un asegurado falleció de tuberculosis pulmonar, el hecho de que el bacilo invada otras partes del cuerpo y sobrevenga una debilidad orgánica y una *cistitis,* no es base para concluir que aquél no falleció de tuberculosis pulmonar.

Sentencia de *R. Díaz Cintrón,* J. (Ponce), declarando sin lugar la demanda, sin costas. *Confirmada.*

*R. Arjona Siaca,* abogado del apelante; *Gustavo Rodríguez,* abogado de la apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Francisco J. Santos, farmacéutico, demandó a "El Ancora", una sociedad de seguros, en cobro del importe de la póliza de Emilio E. Durán, que le fué cedida.   La demandada alegó que la demanda no aducía hechos suficientes para determinar una causa de acción.   La excepción fué declarada con lugar y, dictada sentencia, el demandante apeló señalando en su alegato un solo error, el cometido, a su juicio, por la corte al declarar con lugar la excepción previa.

[1] En la demanda se alega que el 8 de febrero de 1924 le fué entregada a Durán su póliza expedida de acuerdo con los estatutos de la sociedad demandada cuyo artículo 30, dice:

"Quedan excluídos del beneficio de la Pensión y cancelada la Póliza o Certificado correspondiente, cuando ocurra, entre los suscriptores, un accidente de quinta clase (muerte) causada por tuberculosis pulmonar dentro del primer año de inscrito contado a partir de la fecha del certificado de inscripción."

Se alega además que Durán falleció el 20 de julio de 1924 a consecuencia de tuberculosis pulmonar, según el certificado del Dr. Yordán Pasarell.   Y se alega, por último, que si bien lo expresado en su certificado por el doctor Yordán Pasarell es verdad, no es toda la verdad pues la muerte fué "a consecuencia, según informes, de una severa cistitis hemorrágica con intenso tenesmo vesical, acelerada, en su proceso patológico, por una total debilidad orgánica determinada por la probable existencia de una infección bacilar pulmonar sub-aguda, así como por la acción patológica directa de una infección tuberculosa prostática y renal de que padecía."

Después de citar en su alegato numerosa jurisprudencia tendente a establecer la regla de que cuando una póliza sea susceptible de varias interpretaciones, debe aceptarse aquella que le dé validez, debiendo preferirse de dos interpretaciones igualmente justificadas, una a favor de la compañía y otra a favor del asegurado, la que favorezca a éste, se expresa el apelante así:

"La póliza de aseguro en este caso tiene una excepción a favor del asegurador, exonerándole de responsabilidad y anulando la póliza, si el asegurado muere en determinado período de tiempo, de tuberculosis pulmonar. La misma póliza da derecho, según se alega en la demanda, al asegurado, a percibir la indemnización completa, dentro del mismo período de tiempo si su muerte fuere ocasionada *por cualquier ·otra enfermedad.*

"Si la muerte es ocasionada por tuberculosis pulmonar únicamente, la póliza es clara: *no hay indemnización.*

"Si la muerte es ocasionada *por cualquier otra* enfermedad, la póliza es también clara: *hay indemnización.*

"Pero si la muerte es producto de dos o más causas determinantes, simultáneas, concomitantes, directas, acopladas, relacionadas, conjuntas, y una de estas causas es la tuberculosis pulmonar, (EXCEPCIÓN A FAVOR DEL ASEGURADOR), y las demás causas, tan directas como la anterior, son otras enfermedades (ESTIPULACIONES A FAVOR DEL ASEGURADO) entonces la póliza no es clara, porque mientras el asegurador tiene derecho a no indemnizar por la causalidad de la excepción, (tuberculosis pulmonar), el asegurado tiene derecho a la indemnización por las demás causales (en este caso la *cistitis hemorrágica, el tenesmo vesical intenso y la tuberculosis prostática y renal* que se alegan en la demanda)."

No estamos conformes. No hay duda alguna en este caso. No habían transcurrido aún seis meses después de expedida la póliza, cuando el asegurado, que la había cedido al demandante, murió de tuberculosis pulmonar, según certificación médica que el propio demandante acepta que dice la verdad, y, siendo ello así, el artículo 30 de los Estatutos de la sociedad demandada es aplicable.

[2] La confusión que trata de introducirse por virtud de la alegación de la cistitis, de la debilidad orgánica y de la

tuberculosis renal, como concausas de la muerte, desaparece en cuanto se penetra con sano juicio en la verdad del caso. No existen aquí dos interpretaciones igualmente justas. Sólo hay una. La que dió la corte de distrito al declarar la excepción con lugar y desestimar finalmente la demanda. Durán, el asegurado que cedió su póliza al demandante, murió de tuberculosis pulmonar. Si el terrible bacilo invadió otras partes de su cuerpo y vino como consecuencia la debilidad orgánica y la cistitis, no es ello base para concluir que Durán no muriera de tuberculosis pulmonar.

*Debe confirmarse la sentencia recurrida.*