El Pueblo de Puerto Rico, demandante y apelado, *v.* Carlos Serrano, acusado y apelante.

No. 2618.—*Visto:* Enero 13, 1926. *Resuelto:* Abril 26, 1926.

1. Derecho Penal — Apelación y Error, y Certiorari — Señalamientos de Errores y Alegatos — De los Alegatos—Contenido.—La naturaleza general del caso, la índole del cargo, la tendencia general de la prueba de cargo y descargo, son cosas que deben ponerse en el alegato y ser incluídas en un párrafo o párrafos separados.

2. Derecho Penal—Juicio—Objeciones a las Instrucciones o Denegación de las Mismas y Excepciones — Objeciones y Excepciones—En General.— Un acusado debe objetar y tomar excepciones a las instrucciones del juez a su debido tiempo pues no debe descansar en que pueda cometerse algún error al dar aquéllas y menos en el derecho reservado al Supremo para revocar por errores fundamentales aún cuando no se hubieren objetado.

3. Derecho Penal—Apelación y Error, y Certiorari—Resolución y Disposición del Caso—Revocación de la Sentencia Apelada—Derecho a Revocar por Errores Fundamentales.—El derecho reservado al Supremo a revocar por errores fundamentales no se refiere a las declaraciones erróneas de la corte al resumir la prueba ni a ligeras discrepancias en la exposición de la ley ni a tendencias erróneas de observaciones independientes, especialmente cuando en la totalidad de las instrucciones se encuentran las debidas instrucciones del caso.

4. Homicidio—Excusable o Justificable—Alegación de Defensa Propia—Peligro Aparente—Cuándo Este Justificaría la Defensa Propia.—La expresión en el sumario (pero no en la opinión) de *El Pueblo* v. *Sutton,* 17–345 que la defensa propia no estaría justificada por un peligro aparente, es errónea; un peligro que apareciera así a un hombre prudente (*homo prudens*) justificaría la defensa propia.

Sentencia de *M. Rodríguez Serra,* J. (Segundo Distrito, San Juan), condenando al acusado por delito de asesinato en segundo grado. *Confirmada.*

*Rafael Rivera Zayas,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

[1] En una moción solicitando una prórroga del término, el fiscal de esta corte llamó la atención a la forma defectuosa e irregular en que fué presentado el alegato del apelante. En realidad la moción debió haber sido para desestimar la apelación, dándose, por supuesto al apelante la oportunidad de enmendar, pues era un caso criminal. No existe señalamiento de errores. No hay enumeración de errores; ni siquiera la separación entre los mismos. No sólo existen estas deficiencias como ha indicado el fiscal, sino que no hay "una exposición verdadera y concisa del caso" como lo exige la Regla 42. El apelante, como en muchos otros casos criminales, se conforma con hacer un resumen de la prueba, testigo por testigo. La naturaleza general del caso, la índole del cargo, la tendencia general

de la prueba del gobierno y de la defensa, éstas son todas cosas que deben ponerse en la primera parte del alegato y ser incluídas en un párrafo o párrafos separados,—con el debido encabezamiento. El señalamiento de errores debe seguir después. Quizás el abogado confiaba en la práctica constante de esta corte de examinar los autos cuidadosamente en un caso criminal.

Hemos examinado, como asume al parecer el abogado, los autos cuidadosamente. Hubo prueba tendente a acreditar que el apelante por celos o por enojo y con malicia premeditada, dió muerte a José García con un revólver. Hubo cierta prueba de defensa propia, pero el jurado en manera alguna estaba obligado a darle crédito. No hay la más mínima indicación de pasión, prejuicio o parcialidad por parte del jurado. El disparo tuvo lugar en un baile. La prueba tendió a mostrar que el acusado, discutiendo sobre el derecho a bailar con una muchacha y habiendo estado tomando, fué sacado del salón principal por amigos, se les escapó y regresando disparó tres tiros y mató a José García.

[2] El esfuerzo principal del apelante es para atacar las instrucciones dadas por la corte. El acusado no solicitó que se dieran instrucciones. No se formuló objeción alguna a la instrucción del juez; ni siquiera una general. El abogado del acusado no debe sentarse en la esperanza de que la corte incurrirá en error, sino que por lo general deben hacerse las objeciones y tomarse las excepciones al terminar las instrucciones, a semejanza de la admisión y exclusión de prueba.

En el caso de *El Pueblo* v. *Lebrón,* 23 D.P.R. 658, citamos la ley que regula las apelaciones, a saber:

" 'Siempre que resultara de los autos, en alguna causa criminal apelada a la Corte Suprema, que cualquier requisito legal haya sido desatendido por el tribunal sentenciador, no se anulará la sentencia a menos que el error que de los autos resultare, tendiere a perjudicar los derechos de cualquiera de las partes, y se hubiere interpuesto la debida excepción en el tribunal sentenciador; *Dispo-*

*niéndose, sin embargo,* que el tribunal de apelación podrá conocer de errores fundamentales que aparecieren en los autos, aun cuando no se hubiere interpuesto objeción a ellos, y fallar sobre los mismos con arreglo al dérecho que de los hechos se desprendiere.' ''

### Y dijimos:

''De acuerdo con dicha ley la corte ha revocado voluntariamente algunos casos en los cuales no han sido tomados en consideración los derechos fundamentales del acusado, y siempre ha sostenido su derecho a proceder de este modo. *El Pueblo* v. *Morales,* 11 D.P.R. 306; *El Pueblo* v. *Fernández,* 14 D.P.R. 629; *El Pueblo* v. *Pellot,* 15 D.P.R. 454; *El Pueblo* v. *Crespo,* 21 D.P.R. 300, pero generalmente a falta de excepciones nos hemos negado a revocar, a menos que se hubiera probado claramente el perjuicio. *El Pueblo* v. *Rosado,* 17 D.P.R. 441; *El Pueblo* v. *Ortiz,* 19 D.P.R. 305; *El Pueblo* v. *Díaz,* 19 D.P.R. 520; y otros casos que en los mismos se citan.''

*Pueblo* v. *Barrios,* 23 D.P.R. 831, fué un caso en el que citando el de *Pueblo* v. *Lebrón,* encontramos un error fundamental. La corte inferior estuvo completamente equivocada en su teoría sobre defensa propia. Observamos el principio sentado en el caso de *Pueblo* v. *Lebrón* y rehusamos revocar en *Pueblo* v. *Trujillo,* 24 D.P.R. 129; *Pueblo* v. *Hernández,* 25 D.P.R. 660; *Pueblo* v. *Ramírez,* 25 D.P.R. 263; *Pueblo* v. *Pujals,* 34 D.P.R. 402.

[3] Nos está reservado, pues, el derecho a revocar por errores fundamentales, pero esto no se refiere a las declaraciones erróneas de la corte al hacer el resumen de la prueba, que fácilmente son susceptibles de corrección, ni tampoco a ligeras discrepancias en la exposición de la ley; ni siquiera a las tendencias erróneas de observaciones independientes, especialmente cuando en todas las instrucciones han de encontrarse las debidas instrucciones, como en el caso ante nos. En relación con esto último véase el caso de *Pueblo* v. *Vélez,* 32 D.P.R. 382–91.

[4] Por ejemplo, al hablar del derecho de defensa propia la corte equivocadamente dijo que el acusado no podía actuar por virtud de un peligro aparente. Inmediatamente

después, sin embargo, y al concluir la corte dijo en efecto al jurado que debe haber algún acto que induzca a un hombre de ordinaria prudencia al temor de que su vida está en peligro o que podría sufrir un grave daño; y en la página 50 de los autos aparece una manifestación correcta. En otras partes de las instrucciones la corte narró la prueba que favorece a la defensa y substancialmente dió la instrucción de que si el jurado la creía debía absolver. El error fué originado probablemente debido al sumario equivocado del caso de *Pueblo* v. *Sutton,* 17 D.P.R. 345. La opinión misma no contiene la manifestación errónea.

No encontramos que el castigo de treinta años sea excesivo bajo las circunstancias de este caso.

*Debe confirmarse la sentencia apelada.*