EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.*
ALBERTO RESTO, acusado y apelante.

Núm. 7343.—*Sometido:* Enero 20, 1939.  *Resuelto:* Febrero 25, 1939.

*C. H. Juliá,* abogado del apelante;  *R. A. Gómez, Fiscal,* abogado de
El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del
tribunal.

La Corte de Distrito de Bayamón sentenció a Andrés
Resto a extinguir cuatro años de presidio por un delito de
homicidio voluntario cometido en la persona de Juan Bur-
gos el 29 de enero de 1938, en la municipalidad de Guaynabo.

De la prueba resulta que en la fecha indicada se hallaban
reunidos varios amigos en la casa de Marcela Feliciano, en
el barrio Guaraguao de Guaynabo.  Tocaban guitarra y can-
taban.  Alrededor de la media noche entró a la casa Juan

Burgos con un puñal. Al entrar en la casa en esa forma, Cecilio Guerra, que también participaba de la fiesta, se abalanzó sobre él para quitarle el arma, con el único propósito de evitar que Burgos pudiese herir a alguien con ella. Forcejeaban los dos hombres, uno por quitarle el puñal y el otro por no entregarlo, sin que se dijesen palabras ofensivas o en alguna forma manifestasen intención de agredirse. Mientras así luchaban, el acusado, que también se hallaba en la reunión, hizo dos disparos de revólver contra Burgos, según unos testigos antes de que éste fuese desarmado, según otro después de quitársele el puñal. Lo hirió primero por la espalda y luego en un brazo, dándose inmediatamente a la fuga, sin que le ocupasen el arma. Juan Burgos falleció pocos días después a consecuencia de las heridas recibidas.

La evidencia toda demuestra claramente que el interfecto, al entrar en la casa con el puñal en alto, no provocó ni amenazó ni se dirigió a nadie, y que toda su actuación consistió en evitar que Cecilio Guerra le quitase el arma. Un testigo del fiscal, a repreguntas insistentes de la defensa, declaró que Burgos pudo haber tomado licor, pero que no daba señales de estar ebrio. El acusado no presentó evidencia alguna, descansando su caso en la sometida por el fiscal.

El jurado trajo el veredicto de culpabilidad que motivó la sentencia, contra la cual interpuso el acusado este recurso de apelación.

En su alegato ante este tribunal el acusado imputa a la corte sentenciadora la comisión de dos errores, a saber:

"*Primero.*—La corte inferior cometió error al instruir al jurado sobre el relato de la prueba.

"*Segundo.*—La corte inferior cometió error al negarse a dar al jurado las instrucciones especiales solicitadas sobre defensa propia, defensa de tercera persona, peligro real y peligro aparente."

La relación de la prueba hecha por el juez al jurado y de la cual se queja el apelante, aparece en la página 30 de la transcripción de evidencia, y en lo pertinente, copiada a la letra, dice así:

"Es la teoría del Fiscal en este caso que allá por el 29 de enero de 1938 y en ocasión en que se celebraba en el barrio Guaraguao, de la municipalidad de Guaynabo, cierta fiesta o reunión, el individuo llamado Juan Burgos se presentó allí portando en su diestra un puñal; que una de las personas que estaban allí, llamada Cecilio Guerra, trató de despojar *amistosamente* a Burgos de esa arma; que sostuvieron una lucha por el arma durante cuya agitación el arma se quebró y partió; que entonces, cuando Burgos había sido despojado del arma que portaba, este acusado, Alberto Resto, de una manera voluntaria hizo uso de un revólver y disparó contra Juan Burgos, etc.''

El resumen que de la prueba hizo el juez sentenciador no está en conflicto con la evidencia que tuvo ante sí el jurado. Es verdad que ninguno de los testigos usó la palabra *"amistosamente"* al describir la actitud de Cecilio Guerra y del interfecto cuando luchaban por la posesión del arma; pero es también cierto que todos están de acuerdo en que Cecilio Guerra y Burgos no reñían: era la misma lucha que pudo haberse establecido entre dos amigos para evitar el uno que el otro se comprometiese. A nuestro juicio, el juez, al usar el adverbio *"amistosamente"*, describió correctamente el estado de ánimo de los dos hombres que luchaban por la posesión del puñal.

Al discutir este señalamiento de error se queja el apelante de que el juez, al instruir al jurado, dijo que el acusado había disparado contra el interfecto después que éste había sido desarmado. En realidad de verdad un solo testigo declaró en ese sentido. Los demás afirmaron que los disparos, o por lo menos el primero de ellos, fué hecho mientras luchaban los dos hombres. Sin embargo, las únicas excepciones que tomó el acusado a las instrucciones de la corte fueron las siguientes:

*"Tomamos excepción sobre la instrucción del relato de la prueba,* y tomamos excepción a la negativa de la corte al no dar las instrucciones especiales solicitadas.''

Si el acusado hubiese sido más específico en su excepción al resumen que de la prueba hizo el juez, si él hubiese seña-

lado el error más específicamente, seguramente el juez hubiera rectificado su instrucción o por lo menos hubiese prevenido al jurado contra un posible error en su resumen de la evidencia, instruyéndoles, como es recomendable en todo caso, que de haber alguna discrepancia en la apreciación que ellos hubieren hecho de la evidencia y el resumen de la misma que les hubiese transmitido la corte, debería prevalecer en todo caso la conclusión a que ellos hubiesen llegado, por ser la apreciación de la prueba incumbencia exclusiva del jurado y no de la corte. Además, el jurado oyó la declaración de todos los testigos y pudo darse cuenta de que todos, con excepción de uno de ellos, declararon que los disparos fueron hechos mientras luchaban los dos hombres. *Pueblo* v. *Díaz*, 19 D.P.R. 520. No creemos que esta manifestación inadvertida de la corte influyera en la mente de los jurados en perjuicio del acusado, aparte de que el hecho de que estuvieran en lucha mientras se hicieron los disparos no debería afectar el resultado a que llegó el jurado, pues aun en ese caso el acusado no hubiera estado justificado en disparar contra el interfecto.

A nuestro juicio el primero de los errores señalados, de haber existido, no constituye error perjudicial que produzca la revocación de la sentencia apelada.

■■ No aparece de los autos que el acusado solicitase instrucciones sobre legítima defensa; pero haciéndole justicia, tenemos que asumir que las solicitó, puesto que de no haber sido así, la defensa no hubiera tomado excepción por haberse negado la corte a transmitir *las* instrucciones especiales que manifestó haber solicitado. Partiendo de esta premisa, sin embargo, es ineludible la conclusión de que la corte tampoco cometió el segundo de los errores señalados, porque la evidencia no justifica instrucciones sobre legítima defensa. En ningún momento estuvo en peligro, real o aparente, la vida del acusado ni la de ninguna otra persona allí presente. El hecho de que un hombre armado de un puñal

entre en una casa donde están otros hombres reunidos, sin provocar ni amenazar a nadie, no justifica que se le quite la vida por el solo hecho de que uno de los allí reunidos luche con él para desarmarlo.

*No existiendo tampoco el segundo y último de los errores señalados, procede desestimar el recurso y confirmar la sentencia apelada.*