Assise, Demandante y Apelada, *v.* Curet, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, en causa sobre nulidad de matrimonio.

No. 1314.—Resuelto en junio 4, 1915.

Registro Civil—Acta de Nacimiento—Prueba de la Edad de una Persona.— Ni en el Código Civil, ni en la Ley de Evidencia, existe precepto estatutorio de que el acta de inscripción de nacimiento en el registro civil haya de ser siempre la única prueba de la edad de una persona, puesto que aun el artículo 320 del Código Civil, al ordenar que las actas del registro civil serán la prueba del estado civil, previene que esa prueba puede ser suplida por otras en el caso de que no hayan existido aquellas actas, o hubieren desparecido los libros del registro civil, o cuando ante los tribunales se suscite contienda.

Prueba Testifical—Edad de una de las Partes—Renuncia de la Mejor Prueba—Acta de Nacimiento.—Cuando una parte permite sin objeción alguna la presentación de prueba testifical para probar la edad de la otra parte, renuncia a la presentación de otra evidencia mejor que pueda existir, como es la certificación de inscripción del nacimiento en el registro civil.

Pruebas—Elementos de Prueba—Objeciones.—El tribunal puede considerar todo elemento de prueba que se se le presente sin objeción de la parte contraria.

Prueba Testifical—Fuerza Probatoria de Declaraciones de Testigos—Apreciación—Carácter Exhortatorio del Artículo 1216 del Código Civil.—El artículo 1216 del Código Civil, expresivo de que la fuerza probatoria de las declaraciones de los testigos debe ser apreciada por los tribunales conforme a lo establecido en la Ley de Enjuiciamiento Civil, cuidando de evitar que por la simple coincidencia de algunos testimonios, a menos que su veracidad

sea evidente, queden definitivamente resueltos los negocios en que de ordinario suelen intervenir escrituras, documentos privados o algún principio de prueba escrita, no tiene carácter preceptivo sino más bien exhortatorio.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Rafaél López Landrón* y *Juan Gregory.*

Abogado de la apelada: *Sr. Eugenio Benítez Castaño.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de recurso de apelación interpuesto por el demandado José Curet contra sentencia que en 10 de diciembre de 1914 pronunció la Corte de Distrito de San Juan, Sección 1ª., declarando nulo el matrimonio celebrado entre dicho demandado y la demandante Gloria Assise, con las costas a cargo del mismo.

Alégase en la demanda presentada en 23 de abril, 1914. y enmendada en 14 de julio del mismo año, que demandante y demandado contrajeron matrimonio civil en 8 de abril del citado año ante el Juez Municipal de San Juan, cuando la demandante sólo contaba catorce años de edad, sin que hubieran llegado a vivir juntos ni a tener unión carnal.

Celebrado el juicio la corte estimó probadas las alegaciones de la demanda y con ellas por base dictó la sentencia recurrida.

Fúndase el recurso en que solamente se aportó al juicio prueba testifical de la edad de la demandante, insuficiente para justificar su incapacidad para contraer matrimonio, con arreglo al número 3 del artículo 131 del Código Civil, invocando como infringidos los 320, 1186 y 1216.

En el escrito de exposición del caso ambas partes han estimado probado haberse justificado por medio de testigos que la demandante al celebrar el matrimonio con el demandado sólo contaba catorce años de edad, figurando entre los testigos la propia madre de María Assise, la que declaró que su hija había sido bautizada en 20 de junio de 1900, 8 días después de haber nacido.

A dicha prueba no se opuso excepción alguna.

Ni en el Código Civil ni en la Ley de Evidencia encontramos precepto estatutorio de que el acta de inscripción del nacimiento en el registro civil haya de ser siempre la única prueba de la edad de una persona, y aun el mismo artículo 320 que la parte apelante cita como infringido, al ordenar que las actas del registro serán la prueba del estado civil, previene que esa prueba puede ser suplida por otras en el caso de que no hayan existido aquellas actas o hubiesen desaparecido los libros del registro, o cuando ante los tribunales se suscita una contienda.

No nos toca considerar y resolver en el presente caso si la mejor prueba de la edad de la demandante hubiera sido la certificación de inscripción de su nacimiento en el registro civil respectivo, pues no aparece que el demandado hiciera objeción alguna a que los testigos declararan sobre el particular, e ignoramos a mayor abundamiento si aquella certificación pudo ser presentada. Véanse nuestras decisiones en los casos de *El Pueblo* v. *de Jesús* y *El Pueblo* v. *Vega,* 18 D. P. R., 591, y 20 D. P. R., 298.

El tribunal puede considerar todo elemento de prueba que se le presente sin objeción de la parte contraria. *Falero* v. *Falero,* 15 D. P. R., 118.

No cabe pues, estimar infringido el artículo 320 del Código Civil.

El artículo 1216 que también cita el apelante como infringido, expresivo de que la fuerza probatoria de las declaraciones de los testigos debe ser apreciada por los tribunales conforme a lo establecido en la Ley de Enjuiciamiento Civil, cuidando de evitar que por la simple coincidencia de algunos testimonios, a menos que su veracidad sea evidente, queden definitivamente resueltos los negocios en que de ordinario suelen intervenir escrituras, documentos privados o algún principio de prueba escrita, no tiene en realidad carácter preceptivo sino más bien exhortatorio, según sentencia del

Tribunal Supremo de España de 30 de marzo de 1896, inter·
pretando el artículo 1248 del Código Civil Español, igual
al 1216 del Código Revisado.

El artículo 1186 relativo a que los documentos públicos
hacen prueba aún contra tercero del hecho que motiva su
otorgamiento y de la fecha de éste, haciendo prueba tam·
bién contra los contratantes y sus causahabientes en cuanto
a las declaraciones que en ellos hubiesen hecho los prime-
ros, cuyo artículo ha sido traído a consideración como para
demostrar la improcedencia de la prueba aportada al juj-
cio sobre la edad de la demandante contra lo que sobre esa
edad expresaba el acta de su matrimonio con José Curet, tam-
poco es de aplicación al presente caso en el que precisamente
se ha suscitado contienda sobre la verdadera edad de María
Assise.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Al-
drey y Hutchison.