EL PUEBLO, DEMANDANTE Y APELADO, *v.* ORTIZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en causa por acometimiento y agresión con agravantes.

No. 1741.—Resuelto en mayo 26, 1921.

ACOMETIMIENTO Y AGRESIÓN GRAVE—VARÓN ADULTO—PRUEBA DE LA EDAD DEL ACUSADO.—En el juicio de una causa criminal en el cual la edad del acusado es un elemento esencial del delito como ocurre en el acometimiento y agresión de un varón adulto a una mujer, los autos deberán mostrar que la sentencia se fundó en la prueba, sin que exista la presunción de que la corte juzgó la edad por la apariencia del acusado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José J. Aponte.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En el juicio de esta causa no hubo absolutamente prueba para demostrar que el acusado, a quien se imputó el hecho de ser un varón adulto y agredir a una mujer, era en realidad tal adulto. Esto aparentemente constituyó error como se resolvió en nuestra opinión en el caso de *El Pueblo* v. *Colón,* 25 D. P. R. 629.

El fiscal trata de diferenciar el caso diciendo que cuando se celebra un juicio en una causa por un *misdemeanor* y el acusado no está presente sino representado por abogado no habría medio alguno para poder juzgar la edad que tiene.

No podemos estar conforme con el fiscal. En el juicio de una causa criminal debe aparecer claramente en los autos que el acusado fué declarado culpable por virtud de la prueba.

A pesar del hecho de que se demostró que el acusado tenía una hija y que ésta tuvo dificultades con la mujer acometida, esto no sería prueba indiscutible (*certain*) de que el acusado tenía más de 21 años de edad. El podría haber tenido un hijo de cuatro años o más, y no tener sin embargo 21 años de edad.

Los autos debieran demostrar en todo caso que la corte miró al acusado y juzgó su edad. En el caso de *Tracy* v. *The State,* 44 Texas 10, la corte se expresó como sigue:

"En la exposición de hechos se habla del acusado como un hombre que tenía un hotel y usaba patillas y al hablarse de la persona agredida, como testigo, se le llama Nancy Sheppard, cuyo supuesto nombre es generalmente el de una mujer, y al designársele allí como la persona agredida se dice 'ella.'

"Cuando hay así en corte abierta un manifiesto reconocimiento por todas las partes interesadas en el juicio, de la existencia de los hechos necesarios, bien debe presumirse que existen, a menos que la misma parte interesada en su no existencia aproveche la oportunidad a su debido tiempo, para hacer una investigación más minuciosa y completa del asunto, con el fin de refutar las claras apariencias y suposiciones."

Aparentemente en esta declaración la corte de Texas resuelve que el acusado, o renunció a la cuestión de ser un adulto, o está impedido de levantar tal cuestión, no habiéndola presentado a la corte inferior. En el caso ante nos, sin embargo, el acusado no presentó prueba alguna y radicó una moción de *non suit* por no haberse probado que el acusado era un adulto. De modo que evidentemente el acusado no renunció ninguno de sus derechos sino que distintamente llamó la atención de la corte de distrito hacia el hecho de no haberse probado que era mayor de edad y por tanto este caso puede fácilmente diferenciarse del de *Tracy* v. *The State, supra,* aun cuando el fiscal estuviera fundándose en esta cuestión de renuncia.

La sentencia en este caso declaró al acusado culpable de

un delito de acometimiento y agresión con agravantes y lo condenó a pagar cincuenta dólares de multa, o en su defecto a sufrir un día de cárcel por cada dólar que dejara de satisfacer. La multa de cincuenta dólares es el máximum por acometimiento y agresión simple y el mínimum para el acometimiento y agresión con circunstancias agravantes. Frecuentemente hemos modificado sentencias como ésta rebajándolas a sentencias por acometimiento y agresión simple y lo haremos así en este caso, porque aún cuando el acusado técnicamente no fuera un adulto le faltaba necesariamente tan poco que su falta era grave al agredir a una mujer. Aún un joven debe saber desde muy temprana edad que no debe ejercer violencia con una mujer y por tanto la sentencia será modificada en este caso en el sentido de que se declara que el acusado es culpable de acometimiento y agresión simple y condena a pagar una multa de cincuenta dólares o en su defecto a sufrir un día de cárcel por cada dólar que deje de satisfacer.

> *Confirmada la sentencia apelada pero modificada declarando al acusado culpable de acometimiento y agresión simple.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.