EL PUEBLO, DEMANDANTE Y APELADO, *v.* ORTIZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama en causa por acometimiento y agresión con agravantes.

No. 1689.—Resuelto en julio 11, 1921.

ACOMETIMIENTO Y AGRESIÓN—VARÓN ADULTO—PRUEBA DE SER EL ACUSADO VARÓN ADULTO.—Cuando se imputa a un acusado la violación de la subdivisión 5 de

la ley para castigar acometimiento y agresión, El Pueblo está obligado a probar que el acusado era un varón adulto y tal prueba no se suple con la apreciación personal del juez respecto a la edad del acusado por razón de tenerlo ante sí, pues el acusado quedaría privado de su derecho a que en apelación se decidiera si el juez se equivocó o no al declararlo mayor de 21 años.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. J. Aponte.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Cándido Ortiz fué denunciado por el delito de acometimiento y agresión con la circunstancia agravante de que siendo un varón adulto acometió y agredió a una mujer. Fué condenado por dicho delito con agravante y en el recurso de apelación que ha establecido contra la sentencia alega como error de la corte sentenciadora el haberlo condenado con dicha agravante sin haber probado el fiscal que el apelante es un varón adulto, o sea mayor de veintiún años, según hemos declarado en el caso de *El Pueblo* v. *Colón*, 25 D. P. R. 630.

El fiscal probó el delito de acometimiento y agresión pero no presentó en el juicio prueba alguna respecto a que el acusado sea un varón adulto por cuyo motivo éste presentó moción de *non suit* a la corte en la que si bien empezó por pedir su absolución concluyó solicitando que se considerase su delito como de acometimiento y agresión simple y manifestó que no presentaría prueba. Entonces el juez de la corte expresó que estando presente ante sí el acusado llegaba a la conclusión de que es un varón adulto y dijo al acusado que presentara su prueba a lo que éste se negó.

Aunque en algunas decisiones se sostiene que el jurado o la corte puede apreciar la edad del acusado por su sola presencia, nosotros preferimos adoptar el criterio contrario, expuesto por la Corte de Indiana en el caso de *Stephenson* v. *The State,* 28 Ind. 272. En este caso Stephenson fué acusado de que siendo mayor de catorce años abrió su estable-

cimiento mercantil un domingo y no se presentó prueba alguna respecto a su edad aunque el juez que conoció del juicio estimó que tal prueba no era necesaria porque teniendo presente al acusado su apariencia era de un hombre de completo desarrollo físico. Como argumentación la corte dijo:

"Nuestro estatuto confiere al acusado en un caso criminal, al ser declarado culpable, el derecho a presentar, mediante pliego de excepciones, toda la prueba aportada al juicio para ser revisada en esta corte. Si el juez o jurado que conoce de un caso criminal puede determinar por la apariencia personal del acusado si es o no mayor de cierta edad, sin oir prueba, ya respecto a la edad o sus indicaciones, esto, en tanto está envuelto ese hecho litigioso, privará al acusado de este derecho de revisión. Es verdad que en este caso tenemos la manifestación del juez para suplir la falta de prueba, pero el juez no fué testigo, y el Estado no tiene derecho a aprovecharse de su conocimiento, excepto en cuestiones de las cuales la corte toma conocimiento judicial.

"Además, si fuese suficiente que el juez, al juzgar la causa, quedara convencido por la apariencia personal del acusado de que su edad lo hizo quedar comprendido dentro de la sanción del estatuto y que su certificación de tal convicción serviría en esta corte, de aquí se seguiría que tal apariencia justificaría igualmente a un jurado al conocer de un caso para llegar al mismo resultado, y sin embargo no sabemos de ningún método por el cual pudiéramos recibir informes en cuanto a la razonabilidad de la impresión producida en su mente por su observación de la apariencia personal del acusado. El estatuto en verdad autoriza a la corte permitir al jurado hacer una inspección de un sitio en donde cualquier hecho esencial ocurrió pero esto únicamente indica la necesidad de acción legislativa antes de que la corte pueda separarse del método por mucho tiempo establecido para descubrir hechos esenciales.

"Nos parece que no es sino razonable en un procedimiento criminal, exigir al Estado que acuda al medio ordinario de prueba para establecer cada uno de los hechos esenciales imputados en la acusación."

En corroboración de lo expuesto en esa opinión podemos agregar que el delito de acometimiento y agresión se castiga en nuestra ley únicamente con multa que no exceda de cin-

cuenta dólares, pero cuando en él concurre alguna de las circunstancias agravantes que la misma ley especifica, entre otras la de que el acusado sea un varón adulto y la agredida una mujer, entonces la pena es de multa de cincuenta a mil dólares o prisión en cárcel de un mes a dos años, o ambas penas, multa y prisión por lo que para decidir nosotros en grado de apelación que no se ha cometido error al castigar al apelante por delito de acometimiento y agresión con la circunstancia agravante que se le imputó en la denuncia es necesario que de los autos aparezca prueba de tal agravante, sin que sea bastante la apreciación hecha por el juez respecto a la edad del acusado por su sola presencia porque el apelante quedaría privado de su derecho a que nosotros revisemos si el juez se equivocó o no al declarar que tenía más de veinte y un años.

Por las razones expuestas el apelante sólo pudo ser condenado por un delito de acometimiento y agresión simple y en tal sentido debe ser modificada la sentencia apelada.

> *Confirmada la sentencia apelada pero modificándola en el sentido de declarar culpable al acusado de acometimiento y agresión simple y a pagar $50 de multa o en su defecto a sufrir treinta días de cárcel.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.