## EL PUEBLO, DEMANDANTE Y APELADO, *v.* RUÍZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Primer Distrito, en causa por acometimiento y agresión grave.

No. 1992.—Resuelto en diciembre 22, 1922.

PRUEBA DE REFERENCIA—ADMISIÓN DE PRUEBAS.—La declaración de un testigo sobre una admisión espontánea del acusado no puede considerarse como prueba de referencia y es, por tanto, admisible (*El Pueblo* v. *Rosado,* 17 D. P. R. 441; *El Pueblo* v. *Martínez,* 23 D. P. R. 228); y aun tratándose de prueba de referencia, si no es objetada es admisible y constituye prueba en la causa (*Falero* v. *Falero,* 15 D. P. R. 118).

EDAD DEL ACUSADO—PRUEBA PERICIAL SOBRE LA EDAD DEL ACUSADO.—Para demostrar que un acusado es mayor de 21 años, condición que puede ser tan aparente que no ya un perito sino un testigo ordinario podría declarar sobre ella, es admisible la declaración de un médico. El artículo 320 del Código Civil no es aplicable a un caso de esta naturaleza.

Los hechos están expresados en la opinión.

Abogados del apelante: Sres. *L. Abella Blanco* y *J. Valldejuli.*

Abogado del apelado: Sr. *José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

El acusado apela de una sentencia que le condena por delito de acometimiento y agresión con la circunstancia agravante de ser la agredida una mujer y el agresor un varón adulto mayor de 21 años.

Para sostener su recurso alega la comisión de tres errores por la parte inferior, consistente el primero en haber sido admitida la declaración de referencia del testigo José Guardiola.

Denunciante y denunciado son esposos. La declaración de José Guardiola consistió en decir que al llegar al establecimiento del acusado lo encontró algo incomodado y al preguntarle qué le pasaba le dijo que acababa de darle unos golpes a su esposa y le había hinchado un ojo, pero no le dijo por qué, y habiendo ido a la casa de ella, porque es su prima, la vió con ese golpe que le estaba curando un médico.

Esa declaración no es de referencia pues tiene el carácter de admisión espontánea del acusado y por tanto era admisible. *El Pueblo* v. *Rosado,* 17 D. P. R. 441, y *El Pueblo* v. *Martínez,* 23 D. P. R. 228. Pero aunque hubiera sido de referencia era admisible y constituía prueba en la causa porque no fué objetada. *Falero* v. *Falero,* 15 D. P. R. 118.

El segundo error se alega por haber admitido la corte como prueba de la edad del acusado la declaración oral del doctor Jesús María Rodríguez, sin haber traído a la corte la mejor prueba, o sea, el acta literal y certificada del registro civil correspondiente demostrativa del nacimiento del acusado, o sin haber demostrado a la corte que la mejor prueba no podía conseguirse.

El fiscal presentó en el juicio un médico para probar que el acusado tiene más de 21 años de edad y su defensa se opuso a esa declaración alegando que la mejor evidencia es la partida de nacimiento del acusado y que mientras no haya evidencia que demuestre que no existe la partida de nacimiento no es admisible la prueba secundaria propuesta. El artículo 320 del Código Civil se refiere a la prueba del estado

civil y aquí no se trataba estrictamente de la prueba del estado civil del acusado.   Era necesario demostrar que el acusado era un varón adulto, o sea, que tenía más de 21 años, y esa condición puede ser tan aparente que no ya un perito, sino un testigo ordinario podría declarar sobre ella, sin necesidad de fijar la fecha exacta del nacimiento y por consiguiente el número exacto de años que contaba el acusado.

En el tercer motivo del recurso se alega que la corte inferior cometió error por haber declarado culpable al acusado del delito de acometimiento y agresión con circunstancias agravantes siendo dicha sentencia contraria a la prueba.   La argumentación de este alegado error descansa en que la prueba no es suficiente y en que no se ha probado que el acusado sea un varón adulto.

Hemos examinado la prueba y encontramos que es suficiente para sostener la comisión del delito por el acusado. En cuanto a la referente a ser el acusado varón adulto entendemos que también se ha probado este hecho, dada la forma en que hemos resuelto el segundo motivo del recurso.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.