EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN HERNÁNDEZ, acusado y apelante.

No. 2445.—*Visto:* Mayo 19, 1925. *Resuelto:* Junio 4, 1925.

1. ACOMETIMIENTO Y AGRESIÓN—ACOMETIMIENTO Y AGRESIÓN GRAVE—PRUEBA DE LA EDAD DEL ACUSADO.—El artículo 320 del Código Civil no es obstáculo para probar que un hombre tiene más de veintiún años de edad cuando no está envuelta la cuestión de su estado civil (*Pueblo* v. *Ruiz*, 31: 312, seguido).

2. DERECHO PENAL—EVIDENCIA—PRUEBA DE OPINIÓN—EDAD DEL ACUSADO.—Un observador capacitado puede permitírsele expresar su opinión en cuanto a la edad de seres humanos.

SENTENCIA de *Tomás Bryan*, J. (Aguadilla), condenando al acusado por delito de acometimiento y agresión grave. *Confirmada.*

*Buenaventura Esteves*, abogado del apelante; *José E Figueras*, abogado de *El Pueblo*, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

[1] Para probar un acometimiento y agresión grave cometido por un hombre contra una mujer, era necesario demostrar que el acusado tenía más de 21 años de edad. Para establecer esta conclusión el fiscal ofreció la declaración de dos testigos tendente a acreditar que cada uno de ellos había conocido al acusado desde hacía diez o quince años, en cuya fecha el referido acusado tenía edad suficiente para usar pantalones largos; que a juzgar por el conocimiento que tenían del acusado y la apariencia de este último, él debió haber tenido alrededor de 36 años de edad en la fecha de la celebración del juicio y que un hombre de su apariencia y características tenía que ser mayor de 21 años de edad.

El acusado se opuso a la presentación de esta evidencia primero, por el fundamento de que no era la mejor prueba; que una certificación del Registro Civil sería la mejor prueba de la edad del acusado. En el caso del *Pueblo* v. *Ruiz*, 31 D.P.R. 312, resolvimos que la declaración de un médico era admisible para demostrar que un acusado tenía más de 21 años de edad cuando ese hecho era tan aparente que no solamente un perito, sino hasta cualquier testigo podía declarar

sobre dicho hecho. Sostuvimos que el artículo 320 se refería al estado civil y no era obstáculo para probar que un hombre tenía más de 21 años de edad cuando no estaba envuelta la cuestión de su estado civil.

El artículo 320 del Código Civil además prescribe lo siguiente:

"Artículo 320. Las actas del registro serán la prueba del estado civil, la cual sólo podrá ser suplida por otras en el caso de que no hayan existido aquéllas o hubiesen desaparecido los libros del registro, o cuando ante los tribunales se suscite una contienda."

En el caso de *Assise* v. *Curet,* 22 D.P.R. 555, la objeción en cuanto a la mejor prueba no fué presentada en la corte inferior. Sin embargo, cuando la cuestión se suscitó resolvimos, emitiendo la opinión del tribunal el Juez Presidente Sr. Hernández, que los términos del artículo 320 no eran aplicables cuando el estado civil (*status*) era el asunto en controversia. En relación con la misma cuestión está el caso de *El Pueblo* v. *Díaz,* 19 D.P.R. 520.

Si bien en el caso del *Pueblo* v. *Ortiz,* 29 D.P.R. 746, sostuvimos que la corte por una mera inspección no tenía ningún derecho a condenar, la teoría fué que debe presentarse alguna prueba aún cuando si, como se sugiere, el juez declarara como testigo. En el presente caso el acusado fué confrontado con los testigos en su contra, quienes prestaron declaraciones basadas en la experiencia y la opinión.

[2] A un observador capacitado puede permitírsele expresar su opinión en cuanto a la edad de los seres humanos, sean ellos adultos o niños de corta edad. 22 Corpus Juris, 560, notas 43 y 44; *People* v. *Bond,* 13 Cal. A., 175, 191, 109 Pac. 150; Wigmore on Evidence, secciones 222, 227, 660.

El caso de *El Pueblo* v. *Lebrón,* 23 D.P.R. 658, fué uno en el cual la carrera del acusado con otro *chauffeur* causó el accidente. Se resolvió que los testigos podrían declarar con respecto al acto de correr en porfía y que tal declaración no era una mera conclusión.

En cuanto al peso de la prueba, el apelante no nos convence de que la corte incurrió en error.

*Debe confirmarse la sentencia apelada.*