EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FRANCISCO CALVENTY, acusado y apelante.

No. 2338.—*Visto:* Diciembre 23, 1924. *Resuelto:* Junio 24, 1925.

1. DERECHO PENAL—EVIDENCIA—HECHOS EN CONTROVERSIA Y PERTINENTES A LAS CUESTIONES LITIGIOSAS, Y *Res Gestae.*—MANIFESTACIONES DE UN AGREDIDO.— Las manifestaciones hechas por una persona minutos después de haber sido agredida y tan pronto como puede hablar conscientemente y respondiendo a preguntas que le hacen antes de adquirir dominio propio para hacerlas son admisibles en evidencia como *res gestae.*

2. DERECHO PENAL—EVIDENCIA—PRUEBA PERICIAL—EDAD DEL ACUSADO.—La declaración de un médico es admisible para demostrar que un acusado es mayor de veintiún años. (*Pueblo v. Ruiz,* 31: 312, confirmado.)

3. DERECHO PENAL—CASTIGO Y PREVENCIÓN DEL DELITO—PENA EXCESIVA. — Un juez de distrito no está obligado por la pena impuesta a un acusado en la corte municipal. Atendidas las circunstancias del caso de autos, *se resolvió* que la pena impuesta al acusado no era excesiva.

SENTENCIA de *Tomás Bryan,* J. (Aguadilla), condenando al acusado por delito de acometimiento y agresión con circunstancias agravantes. *Modificada.*

*García Méndez & García Méndez,* abogados del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El apelante fué declarado culpable por un delito de acometimiento y agresión con circunstancias agravantes, y alega:

"*Primer error.*—La corte cometió error al admitir las manifestaciones de referencia de la testigo Epifania Moya, bajo el erróneo fundamento de que las mismas constituían parte del *res gestae*.

"*Segundo error.*—La corte cometió error al permitir prueba pericial para probar la edad del acusado.

"*Tercer error.*—La corte cometió error al negar la eliminación de la declaración del Dr. Buenaventura Jiménez Serra.

"*Cuarto error.*—La corte cometió error al declarar culpable al acusado cuando la evidencia es insuficiente para sostener la sentencia; y

"*Quinto error.*—La corte erró en el uso de su discreción al imponer dos años de cárcel al acusado, y las costas."

[1] La acusación imputaba el hecho de que el delito fué cometido a las 3 de la tarde. No hubo conflicto alguno en la prueba. Tanto el denunciante como Epifania Moya declaran que el acometimiento tuvo lugar entre 12 y 1 de la tarde, y después de almuerzo. El juez sentenciador atribuyó la discrepancia que existe entre esta declaración y la hora que se menciona en la acusación al esfuerzo hecho por estos testigos para armonizar los hechos según ocurrieron con la hora de almuerzo en el pueblo. Pero sea esto como fuere, todas las circunstancias, como han sido expuestas por ambos testigos, indican una revelación hecha inmediatamente después del suceso. El juez sentenciador estaba en libertad para dar crédito, y evidentemente que dió crédito, que la conversación impugnada tuvo lugar unos minutos después del acometimiento, en realidad tan pronto como la víctima pudo hablar conscientemente respondiendo a reiteradas preguntas que repetidamente se le hicieron durante el corto intervalo que medió antes de que pudiera ella volver a adqui-

rir ruficiente dominio propio para poder hacer una manifestación inteligible en relación con lo que había ocurrido.

Dentro de las circunstancias la cuestión de si el delito en realidad fué cometido entre las 12 y 1 del día, como han manifestado los testigos en el júicio, o a las 3 de la tarde, según se alega en la acusación, no es de importancia vital y recibió en la corte inferior mucha más consideración que la que merecía.

"Este principio general se funda en la experiencia de que bajo ciertas circunstancias externas de conmoción física puede producirse una tensión de excitación nerviosa que paraliza las facultades reflejas y pierden su control, de modo que la manifestación que entonces tiene lugar responda de una manera espontánea y sincera a las sensaciones y percepciones reales ya producidas por la sacudida externa. Puesto que esta manifestación se hace bajo el dominio inmediato y sin control de los sentidos, y durante el breve período en que las consideraciones de interés propio no podían haberse traído enteramente a colación por la reflexión razonada, la manifestación puede tomarse como especialmente digna de crédito (o, al menos, como que carece de los motivos generales de falta de confianza), y por tanto como que expresa la verdadera tendencia de la creencia del que habla en cuanto a los hechos que acaban de ser observados por él; y puede, por tanto, recibirse como testimonio de aquellos hechos. La situación ordinaria que presenta estas condiciones es una riña o accidente ferroviario. Pero el principio mismo es uno amplio." 3 Wigmore, sección 1747, p. 738.

"Las manifestaciones deben haber tenido lugar *antes de que haya habido tiempo para idear y tergiversar*, por ejemplo, mientras la excitación nerviosa se supone que todavía domina y las facultades reflejas están aún en suspenso. Esta limitación es en la práctica la materia de la mayoría de las resoluciones.

"Debe observarse que las manifestaciones *no tienen que ser estrictamente contemporáneas* con la causa excitante; pueden ser subsiguientes a ella, siempre que no haya habido tiempo para que la influencia excitante pierda su influjo y sea disipada. La falacia, anteriormente tenida en cuenta por algunas cortes, de que la manifestación debe ser estrictamente contemporánea (*post,* sec. 1756) debe su origen a la aplicación errónea de la doctrina del Acto Verbal: * * *.

"Además, no puede haber *ningún límite de tiempo definido y fijo*. Cada caso debe depender de sus propias circunstancias. * * *

"Toda vez que la aplicación del principio depende, pues, enteramente de las circunstancias de cada caso, es por tanto imposible considerar las resoluciones sobre esta limitación como que tienen en rigor la fuerza de precedentes. El discutir de un caso a otro acerca de esta cuestión de 'tiempo para idear o tergiversar' es jugar con el principio y llenar los autos de sutilezas innecesarias e infructuosas. Hay una pérdida lamentable de tiempo por parte de las cortes supremas en tratar aquí bien de establecer o respetar precedentes. En vez de esforzarse débilmente por lo imposible deben decisivamente insistir en que todo caso sea tratado por sus propias circunstancias. Debieran, si pueden hacerlo, levantarse perceptiblemente aun a la mayor altura de dejar la aplicación del principio absolutamente a la determinación de la corte sentenciadora. Hasta que sea alcanzado ese resultado benéfico las lucubraciones de las cortes supremas sobre los detalles de cada caso continuarán multiplicando la lectura tediosa de la profesión." *Id.*, sec. 1750, págs. 744–751.

No tenemos que especular respecto a si sería o nó enteramente conveniente, o prematuro, o peligroso, ahora y en esta jurisdicción el pretender hacer un vuelo en los Campos Elíseos por la zona altitudinal del penúltimo párrafo arriba citado en último término. Por ahora será bastante con decir que a menos que y hasta tanto un apelante pueda demostrar una abierta desatención o clara desviación del principio envuelto, no estaremos dispuestos a intervenir con el ejercicio de la sana discreción del juez sentenciador.

[2] El apelante parece haber pasado por alto el caso de *El Pueblo* v. *Ruiz*, 31 D.P.R. 312, el cual, a falta de algo más a manera de razonamiento que lo que contiene el alegato del apelante en este caso, resuelve los señalamientos segundo y tercero.

El fiscal de este tribunal se inclina a admitir que la prueba demuestra la comisión de un delito de acometimiento y agresión con circunstancias agravantes más bien que una verdadera agresión. Toda vez que la cuestión afecta únicamente al nombre y a la clasificación técnica del delito sin

afectar a la pena, podemos asimismo admitir, sin resolver, que la sentencia debe ser modificada hasta el punto indicado.

Aparte de esto y a falta de citas de autoridades, el señalamiento cuarto no requiere seria consideración, aunque al acusado pudo habérsele imputado el hecho de haber cometido un delito mucho más grave que surge de los mismos hechos.

[3] En apoyo del quinto señalamiento el apelante alega que en la corte municipal la sentencia que le fué impuesta era solamente de seis meses de cárcel. Nada encontramos en los autos que demuestre este hecho; pero de todos modos el juez de distrito, después de un juicio de nuevo, no estaba obligado por la pena impuesta en la corte municipal; y atendidas todas las circunstancias, no podemos decir que dos años de cárcel sea demasiado.

*La sentencia apelada debe ser modificada suprimiendo el elemento de agresión, y así modificada, confirmada.*