EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FRANCISCO BENÍTEZ, acusado y apelante.

No. 3167.—*Visto:* Mayo 25, 1927. *Resuelto:* Junio 9, 1927.

1. DERECHO PENAL—EVIDENCIA—HECHOS EN CONTROVERSIA Y PERTINENTES A LAS CUESTIONES LITIGIOSAS *(Issues)* Y *Res Gestae*—PRUEBA DE CIRCUNSTANCIAS CONSTITUTIVAS DEL DELITO *(Res Gestae)*—MANIFESTACIONES DE UN AGREDIDO. —Cuando las condiciones en que se encuentra el perjudicado por efecto de una herida recibida son tales que no puede hacer manifestaciones algunas de los hechos ocurridos hasta el siguiente día de aquéllos, éstas son admisibles como parte del *res gestae.*

2. ACOMETIMIENTO Y AGRESIÓN—RESPONSABILIDAD CRIMINAL—PROCESO Y CASTIGO —EVIDENCIA EN GENERAL—SU SUFICIENCIA—CONDICIÓN DE VARÓN ADULTO, DEL ACUSADO.—Si bien la mera apreciación personal del juez no es suficiente por sí para suplir la prueba positiva de la condición de varón adulto del acusado, cuando dicha apreciación no es el único medio que tuvo el juez para concluir la mayoridad del acusado, sino que ella está acompañada de la declaración de un observador capacitado sobre dicha edad, la prueba es suficiente especialmente cuando los testigos se refieren al acusado como *señor.*

3. ACOMETIMIENTO Y AGRESIÓN—RESPONSABILIDAD CRIMINAL—PROCESO Y CASTIGO —APELACIÓN—REVOCACIÓN—MOTIVOS DE REVOCACIÓN—SU SUFICIENCIA—CONDICIÓN DE VARÓN ADULTO DEL ACUSADO.—La no existencia de prueba directa de que un acusado es un varón adulto no justifica una revocación cuando la prueba se refiere a él como de un *hombre trabajador* de ferrocarriles y no se levanta cuestión o controversia alguna sobre el particular.

4. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—REVISIÓN—CUESTIONES SOBRE LAS PRUEBAS—APRECIACIÓN DE LAS PRUEBAS—PRUEBA CONTRADICTO-

ría.—Cuando la prueba es contradictoria y nada hay que demuestra que el juez se equivocó o actuó movido por pasión, prejuicio o parcialidad al dirimir el conflicto en contra del acusado, procede confirmar la sentencia apelada.

Sentencia de *E. S. Mestre,* J. (Aguadilla), condenando al acusado por delito de acometimiento y agresión grave. *Confirmada.*

*Federico Acosta Velarde,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

El acusado fué convicto de acometimiento y agresión y la corte inferior le condenó a sufrir treinta días de cárcel.

Se imputa en la acusación al apelante que siendo un adulto (varón) voluntaria y maliciosamente y con intención criminal, acometió y agredió con una piedra a un niño, produciéndole una herida en la pierna derecha.

[1] El primer testigo de cargo lo fué Fernanda Santiago, quien declaró que su hijo se le presentó ''bañado en sangre'' y que en seguida le preguntó ''¿hijo, qué te ha pasado?'' A esto hizo objeción el abogado defensor, ocurriendo el siguiente incidente, que ha sido objeto del primer señalamiento de error:

''Abog.—Me opongo a eso. Juez.—Lo que sea de referencia, no. F.—Lo que sepa solamente. T.—Sé que el señor éste me le dió la pedrada. F.—¿Ud. lo vió? T.—No, pero mi hijo . . . Juez.— ¿Cuánto tiempo después de recibir la pedrada le dijo eso su hijo? T.—Al otro día, si él se puso gravísimo, no podía hablar ni nada. Juez.—La Corte admite la pregunta por ser parte del *res gestae.* Abog.—Tomo excepción.''

La testigo continuó declarando, diciendo que su hijo no pudo hacerle tales manifestaciones hasta el día siguiente porque ''llegó muy malo cuando le trajeron a curar, de tanta sangre que botó,'' y bajo las circunstancias, o sea, las condiciones en que se encontraba el niño por efecto de la herida, no puede sostenerse que la corte erró al permitir que la testigo repitiera las manifestaciones que le

hiciera su hijo al siguiente día de ocurrir los hechos. Véase *El Pueblo* v. *Calventy,* 34 D.P.R. 390. Además, si hubiera habido error no hubiera sido perjudicial porque el niño Efraín Santiago, de ocho años de edad, declaró y refirió que mientras trataba de coger una caña de un vagón situado en la estación de Aguadilla, el acusado le tiró con una piedra, causándole una herida en la pierna derecha.

[2] El segundo motivo de error se refiere a que tratándose de un delito de acometimiento y agresión grave no se ha probado la condición de varón adulto del acusado, o sea la de tener veintiún años de edad.

El fiscal, para probar ese extremo, ofreció el testimonio del secretario de la corte de distrito, Andrés Méndez Liciaga, de 48 años de edad, quien manifestó que no conoce al acusado pero que por su aspecto podía tener 25 ó 26 años de edad. La corte dijo también que el aspecto del apelante acusaba una edad mayor de veintiún años.

Esta prueba fué objetada por el apelante, aduciendo dos razones. La primera, porque la mejor prueba era la partida de nacimiento del acusado, y segundo, porque el testigo no está capacitado para declarar sobre la edad del acusado.

Ciertamente que por esta corte se ha declarado, siguiendo la jurisprudencia de la Corte Suprema de Texas y de cuyo estado parece haberse tomado la ley actual sobre acometimiento y agresión grave, que no existiendo prueba positiva de la condición de varón adulto del acusado, no se puede suplir dicha prueba con la mera apreciación personal del juez. Sin embargo, las cuestiones levantadas por el apelante fueron discutidas en el caso de *El Pueblo* v. *Hernández,* 34 D.P.R. 324, donde examinándose otros casos, esta corte dijo:

"Para probar un acometimiento y agresión grave cometido por un hombre contra una mujer, era necesario demostrar que el acusado tenía más de 21 años de edad. Para establecer esta conclusión el fiscal ofreció la declaración de dos testigos tendente a acreditar

que cada uno de ellos había conocido al acusado desde hacía diez
o quince años, en cuya fecha el referido acusado tenía edad sufi-
ciente para usar pantalones largos; que á juzgar por el conoci-
miento que tenía del acusado y la apariencia de este último, él
debió haber tenido alrededor de 36 años de edad en la fecha de la
celebración del juicio y que un hombre de su apariencia y caracte-
rísticas tenía que ser mayor de 21 años de edad.

"El acusado se opuso a la presentación de esta evidencia, pri-
mero, por el fundamento de que no era la mejor prueba; que
una certificación del Registro Civil sería la mejor prueba de la
edad del acusado. En el caso del *Pueblo* v. *Ruiz*, 31 D.P.R. 312,
resolvimos que la declaración de un médico era admisible para
demostrar que un acusado tenía más de 21 años de edad cuando
ese hecho era tan aparente que no solamente un perito, sino hasta
cualquier testigo podía declarar sobre dicho hecho. Sostuvimos que
el artículo 320 se refería al estado civil y no era obstáculo para
probar que un hombre tenía más de 21 años de edad cuando no
estaba envuelta la cuestión de su estado civil.

"El artículo 320 del Código Civil además prescribe lo siguiente:

"'Artículo 320.—Las actas del registro serán la prueba del
estado civil, la cual sólo podrá ser suplida por otras en el caso de
que no hayan existido aquéllas o hubiesen desaparecido los libros
del registro, o cuando ante los tribunales se suscite una contienda.'

. "En el caso de *Assise* v. *Curet*, 22 D.P.R. 555, la objeción en
cuanto a la mejor prueba no fué presentada en la corte inferior.
Sin embargo, cuando la cuestión se suscitó resolvimos, emitiendo la
opinión del tribunal el Juez Presidente Sr. Hernández, que los tér-
minos del artículo 320 no eran aplicables cuando el estado civil
(*status*) era el asunto en controversia. En relación con la misma
cuestión está el caso de *El Pueblo* v. *Díaz*, 19 D.P.R. 520.

"Si bien en el caso del *Pueblo* v. *Ortiz*, 29 D.P.R. 746, sostu-
vimos que la corte por una mera inspección no tenía ningún derecho
a condenar, la teoría fué que debe presentarse alguna prueba aun
cuando si, como se sugiere, el juez declara como testigo. En el
presente caso el acusado fué confrontado con los testigos en su
contra, quienes prestaron declaraciones basadas en la experiencia
y la opinión.

"A un observador capacitado puede permitírsele expresar su
opinión en cuanto a la edad de los seres humanos, sean ellos adultos
o niños de corta edad. 22 Corpus Juris, 560, notas 43 y 44; *People*
v. *Bond*, 13 Cal. A., 175, 191, 109 Pac. 150; Wigmore on Evidence
secciones 222, 227, 660.

"El caso de *El Pueblo* v. *Lebrón*, 23 D.P.R. 658, fué uno en el cual la carrera del acusado con otro *chauffeur* causó el accidente. Se resolvió que los testigos podrían declarar con respecto al acto de correr en porfía y que tal declaración no era una mera conclusión."

No podemos decir que en este caso la apreciación personal del juez inferior y que se hizo constar en los autos era el único medio que tuvo el juez para llegar a la conclusión de que el acusado era mayor de veintiún años de edad. La declaración de Andrés Méndez Liciaga fué una base para darle valor legal a tal apreciación. La prueba del secretario, como la de un testigo cualquiera, no puede sostenerse que fuera inadmisible. No es necesario estar uno dotado de conocimientos especiales para apreciar la edad aproximada que por su aspecto físico puede tener una persona. Si se tratase de fijar la edad exacta, claro es que a falta de datos más precisos habría que acudirse al conocimiento técnico de personas que por su profesión puedan determinarla y aun así una fijación matemática sería casi imposible. A medida que se entra en años, una persona lleva en su aspecto la edad aproximada que representa y un testigo con la sola experiencia de los años puede ser un testigo competente para declarar sobre la edad de una persona. En este caso el testigo Méndez Liciaga, de 48 años de edad, estaba en condiciones de declarar si el acusado era mayor de 21 años, y declaró que por su aspecto el acusado debía tener 25 ó 26 años. Este fué un medio que sirvió al juez para darle un valor legal a su apreciación, la que hizo constar en los autos.

Además, en este caso existe la circunstancia de que algunos de los testigos de cargo al señalar al acusado usaban la palabra "señor."

[3] Parece que aun cuando no exista prueba directa en la manifestación de hechos de que el acusado es un varón adulto, pero se halla que al referirse a él se habla de un "hombre" "trabajador de ferrocarriles" y no se levanta

cuestión o controversia alguna sobre el particular, no debe revocarse el caso por falta de prueba específica a ese efecto. 11 S. W. 672.

Siguiendo el mismo razonamiento y bajo las circunstancias que el acusado en el presente caso era un trabajador en el ferrocarril como celador de vagones cargados de cañas, tal vez la palabra "señor" en su definición es igual o de más fuerza su aplicación, como indicación o indicio para ser apreciado por el juez. En el lenguaje corriente el uso del vocablo se aplica a personas mayores de edad. Y su raíz viene del latín *seniore,* abl. de *senior;* de *senex,* anciano; de *seneo,* envejecer; del gr. *henos,* antiguo; del *sanser, sanas,* viejo. Diccionario de la Lengua Española, Navas y Rodríguez, pág. 1304.

[4] El último señalamiento de error discute la apreciación de la prueba. Pero ésta fué contradictoria y nada encontramos que el juez sentenciador estuviese equivocado o actuara movido por pasión, prejuicio o parcialidad al dirimir el conflicto en contra del acusado.

Por todo lo expuesto debe *confirmarse la sentencia apelada.*