EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN MIRANDA, acusado y apelante.

No. 3343.—*Sometido:* Enero 12, 1928. *Resuelto:* Marzo 8, 1929.

*Agustín E. Font,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Juan Miranda, varón adulto, fué sentenciado por el delito de acometimiento y agresión cometido en la persona de una mujer.

Cuando se preguntó a la perjudicada si la persona que le acometió era un hombre o una mujer, el letrado del acusado se opuso, y el fiscal indicó la necesidad de probar que el acusado era un varón adulto. El juez sentenciador entonces mencionó el hecho de que la perjudicada estaba identificando al acusado y dijo que él mismo podía ver que éste era un hombre de más de treinta años. Al hacerse una nueva objeción por el abogado del acusado, el juez sentenciador retiró su observación.

El primer señalamiento de error se basa en este incidente y evidentemente carece de mérito.

Otra contención es que la corte inferior erró al admitir declaraciones tendentes a demostrar que el acusado tenía hijos, y a este respecto se nos cita el caso de *El Pueblo* v. *Colón,* 25 D.P.R. 630, donde esta corte dijo:

"Se hizo alguna referencia a niños que lloraban, pero la prueba no demuestra que fueran los hijos del apelante, aun si el tenerlos, fuera suficiente para demostrar que una persona es adulta."

La prueba en el presente caso tendió a demostrar que algunos de los hijos del acusado eran ya bastante crecidos, y que cinco de ellos usaban pantalones largos. Uno de ellos vivía en Nueva York para la fecha en que se celebró el juicio. Otros de menos edad llamaban "papá" al acusado y él los trataba como hijos.

La tercera cuestión levantada por el apelante se dirige a

la admisión de prueba con relación a la existencia de estos niños más jóvenes. La prueba a este respecto, de hallarse por sí sola, no excluiría la teoría de adolescencia, y por tanto no sostendría una sentencia condenatoria. Sin embargo, de todos modos la cuestión permanecería como una de valor probatorio, al igual que en el caso de Colón, más bien que como una de admisibilidad. Bajo las circunstancias del presente caso la objeción de que la prueba en cuestión no excluye la idea de una edad madura sería más plausible, aunque tal vez no tan apropiada, quizás, al objeto del acusado.

El cuarto señalamiento es que la corte inferior cometió error al permitir que el fiscal presentara al acusado para probar su edad, a fin de que el juez sentenciador pudiera tomar en consideración la apariencia general del acusado al determinar la cuestión de si era o no un adulto. El acusado ya se hallaba presente y no se le exigió que se pusiera de pie ni que ocupara la silla testifical. Tanto el fiscal como la corte explicaron el fin limitado de esta formalidad, y en respuesta a una súplica del fiscal, el juez inferior informó, como resultado de su observación y para que así constara en autos, que el acusado parecía tener más de 21 años de edad.

El argumento del apelante es que el acusado fué obligado a servir de testigo contra sí mismo. La única autoridad citada por el letrado es el caso de *El Pueblo* v. *Ortiz,* 29 D. P.R. 746.

En *El Pueblo* v. *Ortiz,* 29 D.P.R. 501, resuelto unas seis semanas antes del caso en que se funda el apelante, "no hubo absolutamente prueba para demostrar que el acusado, a quien se imputó el hecho de ser un varón adulto y agredir a una mujer, era en realidad tal adulto." En el curso de la opinión la corte dijo: "Los autos debieran demostrar en todo caso que la corte miró al acusado y juzgó su edad." El sumario lee como sigue: "En el juicio de una causa

criminal en el cual la edad del acusado es un elemento esencial del delito como ocurre en el acometimiento y agresión de un varón adulto a una mujer, los autos deberán mostrar que la sentencia se fundó en la prueba, sin que exista la presunción de que la corte juzgó la edad por la apariencia del acusado.''

En el caso posterior, titulada igualmente *El Pueblo* v. *Ortiz:*

''El fiscal, probó el delito de acometimiento y agresión pero no presentó en el juicio prueba alguna respecto a que el acusado sea un varón adulto por cuyo motivo éste presentó moción de *non suit* a la corte en la que si bien empezó por pedir su absolución concluyó solicitando que se considerase su delito como de acometimiento y agresión simple y manifestó que no presentaría prueba. Entonces el juez de la corte expresó que estando presente ante sí el acusado llegaba a la conclusión de que es un varón adulto. . . . .''

Bajo estas circunstancias esta corte dijo:

''Aunque en algunas decisiones se sostiene que el jurado o la corte puede apreciar la edad del acusado por su sola presencia, nosotros preferimos adoptar el criterio contrario expuesto por la Corte de Indiana en el caso de *Stephenson* v. *The State,* 28 Ind. 272.''

Al resolver el caso de Stephenson, la Corte de Indiana, dijo, entre otras cosas:

''Es verdad que en este caso tenemos la manifestación del juez para suplir la falta de prueba, pero el juez no fué testigo, y el Estado no tiene derecho a aprovecharse de su conocimiento, excepto en cuestiones de las cuales la corte toma conocimiento judicial.''

En el caso de *El Pueblo* v. *Hernández,* 34 D.P.R. 324, se dijo lo siguiente:

''Si bien en el caso del *Pueblo* v. *Ortiz,* 29 D.P.R. 746, sostuvimos que la corte por una mera inspección no tenía ningún derecho a condenar, la teoría fué que debe presentarse alguna prueba aun cuando si, como se sugiere, el juez declarara como testigo.''

Véase también *El Pueblo* v. *Benítez,* 36 D.P.R. 905.

Cuando, como en el presente caso, se llama la atención del juez sentenciador expresamente hacia el acusado, para contribuir a poder resolver la cuestión de la edad de éste, y el resultado de tal observación se hace constar en los autos, el juez se convierte, para todos los fines prácticos, en un testigo. El hacer caso omiso de la manifestación hecha por un juez sentenciador bajo tales circunstancias, fundándose en que esta corte no está en posición de determinar lo razonable de una impresión derivada de la observación personal del acusado, por el mismo motivo excluiría prueba similar proveniente de labios de otros testigos. Incidentalmente, la doctrina del caso de Indiana, al ser así aplicada, exigiría la revocación de un número de nuestras propias decisiones, incluyendo los casos de *El Pueblo* v. *Hernández,* y *El Pueblo* v. *Benítez, supra,* al efecto de que ''a un observador capacitado puede permitírsele expresar su opinión en cuanto a la edad de los seres humanos, sean ellos adultos o niños de corta edad.''

''Algunas cortes en términos generales dicen que la regla es que la prohibición que impide que se obligue a una persona en un procedimiento criminal a declarar contra sí misma, es una prohibición que impide el uso de compulsión física o moral para obtener la declaración de él, pero no excluye que su propio cuerpo sea presentado como prueba cuando ello sea pertinente, y que cuando su cuerpo es exhibido, ora sea voluntariamente o mediante orden, tal prueba, de ser pertinente, es admisible.'' 16 C. J. pág. 568, párr. 1100.

El caso principal entre los mencionados en apoyo del texto que acabamos de citar es el de *Holt* v. *U. S.,* 218 U. S. 245. Por ahora no estamos preparados para levantar controversia alguna con la Corte Suprema de los Estados Unidos sobre puntos así resueltos.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Sr. Texidor no intervino.