EL PUEBLO DE PUERTO RICO, demandante y apelado *v.* JUAN QUIRÓS DÍAZ, acusado y apelante.

No. 5491.—*Sometido:* Marzo 19, 1935. *Resuelto:* Julio 26, 1935.

*R. Rivera Zayas*, abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Aunque quizá inicialmente y antes de oírse a la defensa, la posición asumida por ésta no se hizo clara, finalmente el apelante, acusado de asesinato, se fundó en la teoría de de-

fensa propia. Ramón Córdova, Jr., a quien disparó y dió muerte al acusado, vivió un número de horas después de los tiros y caminó un corto trecho desde el lugar del suceso. Los fundamentos de defensa propia alegados, conforme declararon dos testigos, fueron que Córdova portaba un arma y que anteriormente en dos escritos había invitado al acusado a salir de su establecimiento. El Pueblo ofreció prueba tendente a demostrar que el acusado fué enteramente el agresor. De la prueba admitida el jurado tenía derecho a inferir la culpabilidad del acusado.

Durante la vista, y por nuestro propio examen de los autos, nos percatamos de que la cuestión principal a considerar es una declaración *in artículo mortis*. Esta declaración fué tomada ante el fiscal de distrito de Bayamón y lee así:

"En Bayamón, P. R., a 7 de diciembre de 1932; yo, Ramón Córdova, Jr., vecino de Bayamón con residencia en Bayamón de _____ años de edad, ante el Fiscal comparezco y, previa las advertencias de ley que me han sido hechas, espontáneamente bajo juramento declaro, a preguntas del Fiscal:

"Fiscal: Córdova, ¿cómo se siente mentalmente?

"R.: Perfectamente bien.

"P.: Dígame lo que le ha sucedido, si se siente bien físicamente.

"R.: De momento tengo tres heridas, dos en el vientre y una en un brazo, estoy grave; me doy cuenta de ello, y me siento como que me moriré, pero puedo contarle.

"P.: Dígame todo.

"R.: Yo iba con Fernanda Adorno por la calle de Recreo hace como una hora y Juan Quirós me salió al encuentro de detrás de una guagua cerca de la panadería de Emilio Vega y me dijo: 'Hijo de la gran puta, tú te cagaste en mi madre,' y seguido me disparó cuatro tiros hiriéndome con tres, dos en el vientre y otro en el brazo izquierdo. ¡Ay! ¡Ay! ¡Ay! qué dolor, espere un momento Lcdo. . . . . (Pausa).

"P.: Tenga calma y no se apure. (El declarante hace una contracción de dolor que refleja en su rostro). Córdova, sígame diciendo, ¿qué pasó entre ustedes esta noche o antes?

"R.: No pasó nada para que ese hombre me matara. Me escribió un papel hace días pidiéndome dos gallos y como no eran de él no se los mandé. ¡Ay, doctor, opéreme que me muero! (Hace una pausa cerrando los ojos y continúa). Hace como un año o menos que no hablaba con él y no podía suponer la agresión que me hizo esta noche.

"Que es todo lo que tiene que declarar y se ratifica y firma.

"(Fdo.)   Ramón Córdova, Jr.

"Jurada y suscrita ante mí por Ramón Córdova, Jr., a quien conozco personalmente, hoy 7 de diciembre de 1932.

"(Fdo.)   E. Ponsa Parés,
"Fiscal."

El apelante nos ha citado el caso de *Shepard* v. *United States,* 290 U. S. 96. El primer sumario de ese caso es como sigue:

"'Para poder prestar una declaración *in articulo mortis* el deponente debe haber hablado sin abrigar esperanzas de sanar y ante la sombra de una muerte inminente, y este estado de la mente debe ser revelado por la prueba y no dejarse a conjeturas."

Indudablemente la corte y el jurado tenían derecho a inferir de la primera parte de la declaración de la víctima que él tenía tal temor de una muerte inminente. El grito que posteriormente lanzó es del todo consistente con el deseo desesperado de sentir alivió un hombre que está próximo a morir. En otras palabras, que Córdova buscaba una extensión momentánea de su vida.

Autoridades para sostener esta posición son las siguientes: *El Pueblo* v. *Díaz,* 35 D.P.R. 582, 589; *El Pueblo* v. *Mejías Ventura,* 47 D.P.R. 282.

Esto resuelve el tercer señalamiento de error.

El primer señalamiento se refiere a la declaración del Dr. Rodríguez respecto al tamaño de la bala. Tenemos idea de que ésta no es en realidad prueba de peritos sino la declaración de un hecho de conformidad con el conocimiento del declarante, pero de todos modos el tamaño de la

bala carecía de importancia, ya que el apelante se basó en la teoría de defensa propia.

■ El segundo señalamiento de error se refiere a la manifestación hecha por un testigo de que Córdova, poco después de habérsele disparado y a corta distancia del lugar del suceso, dijo que Quirós le había asesinado. Creemos que esta manifestación estaba tan íntimamente relacionada con el suceso principal tanto en lo que a tiempo como a distancia se refería, que la misma formaba parte del *res gestae*. El *Pueblo* v. *Calventy,* 34 D.P.R. 390; *El Pueblo* v. *Crespo,* 21 D.P.R. 300; 3 Wigmore on Evidence, secciones 1747 *et seq.*

■ El acusado compareció ante el fiscal y prestó declaración en su propio beneficio al efecto de que él, Quirós, nada había tenido que ver con los disparos. Esta declaración, que es inconsistente con la alegación de defensa propia, era admisible como tendente a demostrar, bien un estado culpable de la mente o por lo menos un estado distinto al poseído por un hombre que moralmente confía en haberse defendido a sí mismo. El acusado pudo haberse protegido solicitando una instrucción que tratara de limitar el efecto de esta declaración.

■ Las instrucciones en su totalidad abarcaron el caso y es innecesario que consideremos las definiciones de asesinato toda vez que la cuestión principal de defensa propia *vel non* fué sometida al jurado.

Las instrucciones sobre defensa propia nos parecen ser suficientes. De todos modos, el acusado durante el juicio no dió a la corte oportunidad para corregirlas. *Pueblo* v. *Benítes,* 47 D.P.R. 78, 84; *Pueblo* v. *Mercado,* 46 D.P.R. 152, 157; *Pueblo* v. *Estrella,* 45 D.P.R. 462; *Pueblo* v. *Maldonado,* 45 D.P.R. 417.

Consideraciones similares son aplicables a las otras objeciones presentadas a las instrucciones dadas por la corte.

■ El undécimo señalamiento es que la corte cometió error al denegar ciertas instrucciones propuestas por el acu-

sado. Éstas o no eran una exposición correcta de la ley, habían sido cubiertas por las instrucciones generales de la corte, o el haber dejado de transmitirlas no fué perjudicial.

El caso fué propiamente sometido al jurado a base del conflicto de la prueba y el apelante no nos convence de que el jurado debió tener duda razonable.

La moción de nuevo juicio comprendía tan sólo las cuestiones anteriormente señaladas como errores y está cubierta por nuestra discusión anterior.

*Debe confirmarse la sentencia.*

El Juez Asociado Señor Córdova Dávila no intervino.